BREWER & COMPANY *vs.* LAMAR, RANKIN & LAMAR.

1. A contract in general restraint of trade is void, but if in partial restraint of trade only, it may be supported, provided the restraint is reasonable and the contract founded on a consideration.

2. Where Brewer, the proprietor of a medicine known as "Brewer's Lung Restorer," sold the same with the exclusive right to manufacture and sell it, surrendered his trade mark to the purchaser, and agreed "never to use or permit my name to be used on any preparation which could be recommended and sold for the same purposes as Brewer's Lung Restorer is used and sold for," such contract is in partial not general restraint of trade ; and being for a valuable consideration, it is not unreasonable.

(*a.*) Such contract does not limit the skill of the vendor in compounding medicines for the cure of throat and lung diseases, but stipulates that his name shall not appear with his consent on such medicines. The publishing and offering for sale of "Brewer's Sarsaparilla Syrup, professing to be a permanent cure for all diseases of the lungs and throat," is a violation of the contract ; and the vendor being insolvent, equity will enjoin such action.

September 26, 1882.

Contracts.   Public Policy.   Restraint of Trade.   Equity. Injunction.   Before Judge SIMMONS.   Bibb County.   At Chambers.   March 25, 1882.

Reported in the decision.

Brewer & Company *vs.* Lamar, Rankin & Lamar.

G. T. & C. L. BARTLETT, for plaintiffs in error.

SAMUEL H. JEMISON, for defendants.

SPEER, Justice.

On the 8th of December, 1880, T. E. Brewer, the plaintiff in error, entered into the following agreement with Lamar, Rankin & Lamar, defendants:

" AUGUSTA, GA., Dec. 8th, 1880.

"For and in consideration of two hundred and seventy-five dollars ($275), paid to me this day, by Lamar, Rankin & Lamar, of Macon, Georgia, through George Sibley, Esq., of Augusta, Georgia, I hereby surrender my entire interest, right and title to the preparation known as 'Brewer's Lung Restorer,' and agree never to use or permit my name to be used on any preparation which could be recommended and sold for the same purposes as Brewer's Lung Restorer is used and sold for; further agree to keep secret, from balance of the world, the recipe of the same. I do further agree to surrender my trade mark to the said Lamar, Rankin & Lamar, and recommend that the commissioner of patents, or the proper parties, transfer the right to the trade mark to Lamar, Rankin & Lamar.

To sum up the whole thing in a few words, this agreement is intended to convey unto Lamar, Rankin & Lamar all my right, title and interest in Brewer's Lung Restorer, and to give them the exclusive right to claim, sell and manufacture the same, either under the name of Brewer's Lung Restorer, or any other name they wish to give it; that I will never, hereafter, state or convey the idea that I still have an interest in said medicine. For the faithful performance of this contract I hereby pledge my honor.

[Signed]      T. E. BREWER."

Witness:
    A. H. VONDERLEITH,
    Notary Public, Richmond County.
    P. B. TOBIN.

To enforce an observance of this agreement, and to enjoin the violation of its terms by T. E. Brewer, the complainants below filed their bill in chancery, before the judge of the Macon circuit, against the defendant, Brewer; and

after setting forth said agreement and alleging the insolvency of the defendant, charged: " That said Brewer, in violation of his solemn agreement, and covenants, and in fraud of their rights, conspiring with persons to them unknown, under the name of T. E. Brewer & Co., is making and selling a medicine, advertised and recommended for the cure of the identical diseases and affections for which said Brewer's Lung Restorer is recommended, under the name of 'Brewer's Sarsaparilla Syrup,' as appears by a copy of an advertisement issued by said T. E. Brewer & Co., thereunto annexed, all of which is contrary to equity and good conscience," etc.

The defendant below answered said bill, and among other matters, by way of defence and avoidance of said contract, avers that the same, so far as it agrees that defendant would not use or invent any preparation that could be recommended for the same purpose as the Lung Restorer, etc., is void, and cannot be enforced, because it is contrary to public policy that any such contract should have been made.

On the bill and answer and proof submitted, the chancellor granted the injunction as prayed for; to which order and judgment plaintiff in error excepted. The main and only question pressed on the argument before this court, and the one we are called upon to determine, is whether this contract is in *general* restraint of trade, and therefore void. Great research and investigation have been bestowed upon this question by the counsel engaged, as is apparent from the arguments and briefs submitted on both sides. Numerous authorities, both English and American, have been produced and relied upon. But in construing statutes of our state, or provisions of the Code, we invariably find the safer rule to be to follow the construction of our own courts, and be guided by the light of precedents, if to be had, found in our own reports. A contract is declared void, under our Code, when it is "in general restraint of trade." Code, 2750. This is but the announcement of a principle long recognized in the common law.

In the case of *Holmes vs. Martin*, 10 *Ga.*, 503, this court announced, in construing a contract involving this question: "A contract in general restraint of trade is void, but if in partial restraint of trade only, it may be supported, provided the restraint be reasonable and the contract founded on a consideration."

This distinction between such stipulations as are in general restraint of trade, and such as are in restraint of it only, "as to particular places and persons, or for a limited time," has long been recognized, both in England and America; the latter, if founded on a good and valuable consideration, are valid; the former are universally prohibited. The reason assigned for this difference is, that all general restraints tend to promote monopolies, and tend to discourage industries, enterprise and fair competition, which reason does not apply to partial restraints. This distinction between general restraints and partial restraints has also been recognized by this court, in the case of *Mell vs. Mooney*, 30 *Ga.*, 414; *Speer vs. Lambdin*, 45 *Ga.*, 319, and *Goodman vs. Henderson*, 58 *Ga.*, 567.

This question was elaborately discussed, and many cases reviewed and cited in the leading case of the Morse Twist Drill and Machine Co. *vs.* Morse, 103 Mass., 72, and reported in 4th Am. Rep. 513. In Leather Cloth Co. *vs.* Lorsant, Law Rep., 9 Eq., 345 (a case reviewed), the plaintiffs purchased a right of a certain process of manufacture, with an agreement of the vendors that they would not directly or indirectly carry on, nor would they to the best of their power, allow to be carried on by others in any part of Europe, any company or manufactory having such manufacture for its object, or in any way interfere with the exclusive enjoyment of the purchasing company of the benefits agreed to be purchased. It was held, the restraint was reasonable, and not greater—having regard to the subject-matter of the contract—than was necessary for the protection of the purchasers, and it was enforced against the vendors.

But are the covenants of this contract in general restraint of trade? The stipulation which it is alleged is void for this cause, is in these words: "I agree never to use or permit my name to be used on any preparation which could be recommended and sold for the same purpose." Defendant below had already stipulated and did sell all his interest with trade mark, etc., in the "Lung Restorer," to the defendants in error. Then in the stipulation above he agrees further, "never to use or permit his name to be used on any preparation which could be recommended and sold for the same purpose." This stipulation does not forbid him to manufacture or sell such preparation as he may compound, or either, but that he will not himself use his name or permit his name to be used on any such preparation. The only restraint the covenant imposes on him is that his name shall not appear by his consent on such preparation. Can this stipulation be said to be in general restraint of trade, or is it not rather a partial restraint, and is it at all unreasonable? The absence of his name may limit the sales of any new preparation he may compound; the preparation may be wanting in the magic word, but for its absence he contracted, and received a consideration therefor. He may compound and sell a score of other nostrums to cure the diseases for which the Lung Restorer is fitted; the only inhibition is, he must not put on them the cabalistic word "Brewer," and thus violate the contract which he has entered into. That he has done this, the evidence abundantly shows, when he published and offered upon the market "Brewer's Sarsaparilla Syrup, professing to be a permanent cure for all diseases of the lungs and throat."

Judgment affirmed.