49362. MINGLEDORFF'S, INC. v. HICKS et al.

BELL, Chief Judge.

Air Conditioning and Heating Service Co., Inc., entered into a written contract with Hicks for the installation of heating and air conditioning systems in an apartment complex. The contract contained a clause prohibiting the assignment of the contract, "or any part thereof" without the written consent of the other party. Air Conditioning assigned to the plaintiff Mingledorff's a portion of the money due Air Conditioning on the contract without the written consent of defendants. The trial court granted defendants' motion for judgment on the pleadings. *Held:*

1. Plaintiff contends that the anti-assignment clause in issue is invalid. Code Ann. § 85-1803 permits the assignment of choses in action arising on a contract but it does not prohibit parties from providing that their contract shall not be assignable. In *Bewick Lumber Co. v. Hall,* 94 Ga. 539 (21 SE 154) it was held that a credit check payable on demand was assignable in spite of language on the check that it was not transferable citing an earlier version of Code Ann. § 85-1803. However, in *Cowart v. Singletary,* 140 Ga. 435 (79 SE 196) it was noted that the instrument in *Bewick* was not an executory contract containing mutual obligations and stated that subject to certain modifications "the parties to an executory contract may in terms prohibit its assignment so that an assignee does not succeed to any rights by the virtue of the assignment." The contract here is clearly an executory one with mutual obligations between the parties. While, as contended by plaintiff, it may have been completely executed by plaintiff's assignor, this fact would not require a result invalidating the anti-assignment clause. The nonassignment clause is valid and enforceable. The provisions found in the Uniform Commercial Code, UCC §§ 2-210 (2) and 9-318

(4) (Code Ann. §§ 109A-2—210 (2) and 109A-9—318 (4), which nullify the effects of anti-assignment provisions have no application to this contract as it is not one for the sale of goods but is a contract for services and labor with an incidental furnishing of equipment and materials.

2. The contract provision is plain and unambiguous and is not subject to interpretation or construction. It provided that the "subcontractor [plaintiff's assignor] shall not sublet, assign or transfer this sub-contract, or any part thereof without the written consent of the defendant." The phrase "or any part thereof" will operate to preclude the limited assignment of a right under the contract, to wit: Money due the plaintiff's assignor.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 16, 1974.

*Wilkinson & Wittner, A. Mims Wilkinson, Jr., John G. McCullough,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, R. Lawrence Ashe, Jr., Joseph W. Dorn,* for appellees.