### 53499. POLLOCK et al. v. GEORGIA POWER COMPANY et al.
### 53500. PIPPIN v. GEORGIA POWER COMPANY et al.
### 53501. GEORGIA POWER COMPANY v. POLLOCK et al.
### 53549. GEORGIA POWER COMPANY v. PIPPIN.

STOLZ, Judge.

The appellants, Mitchell County pecan farmers, sued Georgia Power Company for damages to their crops for various years between 1971 and 1974 caused by sulfur dioxide emissions from Georgia Power's Plant Mitchell general facility. The issue was decided by a jury on grounds of negligence, and damages were awarded in favor of appellants C. M. Pippin and Walter Pollock, Sr. The jury found in favor of Georgia Power as against the appellants Roy Lester Pollock and Walter Pollock, Jr. Judgment was entered on the jury verdict. The appellants challenge the court's judgment in Nos. 53449 and 53500, and Georgia Power cross appeals in Nos. 53501 and 53549.

1. The appellants enumerate as error the trial court's exclusion from evidence of an exhibit showing the month-by-month sulfur content of the coal burned at another Georgia generating plant. The exhibit was relevant to show that Georgia Power had access to coal of lower sulfur content than that burned at Plant Mitchell, and, thus, the jury could have found that Georgia Power's failure to burn low sulfur coal at Plant Mitchell was arbitrary and should subject it to exemplary damages.

Georgia Power's contention that the evidence does not indicate an ability by Plant Mitchell to burn low sulfur coal is without merit. There is testimony that Georgia Power told a witness that Plant Mitchell could burn such coal. If the jury had found that Plant Mitchell could burn low sulfur coal and that such coal was available, those findings could have weighed in its consideration of whether Georgia Power was negligent and whether Georgia Power should pay exemplary damages.

2. The court also erred in excluding from evidence

the testimony of Dr. Sholtes, an expert testifying for the appellants, to the effect that if coal with a lower sulfur content had been burned at Plant Mitchell, the plant's sulfur dioxide emissions would have been lower. Georgia Power claims that there was no foundation for the testimony and that it was totally irrelevant. If the evidence discussed in Division 1, above, had been properly admitted, a foundation would have existed. And, when considered in conjunction with other evidence, the testimony dealing with a potential reduction in plant emissions could reasonably have led the jury to conclude that burning low sulfur coal would have had a beneficial effect on the appellants' groves.

3. In its cross appeal, Georgia Power enumerates as error the court's denial of its motion for directed verdict. Georgia Power claims that there was no evidence presented before the court which would indicate its negligent operation of Plant Mitchell. However, there is evidence that Plant Mitchell could have burned lower sulfur coal or raised its emissions stack (Tr. 27). From such testimony a jury could have inferred negligence from the fact that Georgia Power was able to act, but failed to do so.

This court "must construe the testimony most favorably toward the party opposing the motion for directed verdict." *Isom v. Schettino,* 129 Ga. App. 73 (1) (199 SE2d 89) (1973). "In reviewing the denial of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test." *Jones v. State,* 139 Ga. App. 643 (3) (229 SE2d 121) (1976). Therefore, the enumeration of error presented on Georgia Power's cross appeal is without merit.

*Judgment reversed on the main appeals; affirmed on the cross appeals. Quillian, P. J., and Shulman, J., concur.*

Argued February 4, 1977 — Decided February 25, 1977 — Rehearings denied March 25, 1977 —

*Hand & Whaley, Fred B. Hand, Jr.,* for Pollock et al. and Pippin.

*Troutman, Sanders, Lockerman & Ashmore, Robert*

*Pennington, Daniel S. Reinhardt, Twitty & Twitty, Frank S. Twitty,* for Georgia Power Company et al.