### 54546. DIXIE LIME & STONE COMPANY v. WIGGINS SCALE COMPANY.

SMITH, Judge.

Wiggins Scale Co., appellee, sold Dixie Lime and Stone Co. a certain truck scale, and constructed a pit in which it installed the scale. Dixie Lime, claiming the construction of the pit and installation were faulty and defective, brought this action for damages. Following the close of Dixie Lime's evidence, Wiggins moved for a directed verdict, contending (1) the doctrine of laches barred the action; (2) Dixie Lime failed to provide notice of alleged defects; and (3) Dixie Lime failed to prove damages. We reverse the erroneous grant of the motion.

1. The suit was an action at law for damages arising out of a contract; laches is not an applicable defense in an action at law. *Alley v. Alley,* 137 Ga. App. 256 (223 SE2d 288) (1976).

2. Dixie Lime was not required to give notice of the alleged defects. Wiggins contends that UCC § 2-609 (3) (Code Ann. § 109A-2—607 (3)) requires notice as a condition precedent to an action for damages. However, the UCC applies only to certain contracts for the sale of goods. UCC § 2-102 (Code Ann. § 109A-2—102). This action was based on a contractual provision under which Wiggins was to construct a pit and install the scale, not on a separate provision in which Wiggins *sold* the scale to Dixie Lime. There is no claim that the scale itself is defective. The agreement underlying this suit was one for the furnishing of services and labor, and the UCC is clearly inapplicable. *Mingledorff's, Inc. v. Hicks,* 133 Ga. App. 27 (209 SE2d 661) (1974).

3. Finally, the record reveals that Dixie Lime presented sufficient competent evidence from which the jury could have determined the amount of damages. On a motion for directed verdict, the evidence must be construed most favorably for the party opposing the motion. *Pollock v. Ga. Power Co.,* 141 Ga. App. 678 (3) (234 SE2d 107) (1977). Dixie Lime's evidence, thus construed, made out sufficiently cogent proof of damages.

4. Each of the grounds offered for the directed verdict being inadequate, the direction of the verdict was error and the judgment entered is reversed.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 29, 1977.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., James C. Rawls, Jeffrey W. Kelley,* for appellant.

*Hopkins, Dunlevie & McNairy, Alton H. Hopkins, Steven S. Dunlevie,* for appellee.