## 59987. BAILEY v. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

BANKE, Judge.

Appellant Bailey appeals from the grant of summary judgment in favor of appellee, Interstate Life & Accident Insurance Company, in a suit to recover on insurance policies issued on the life of appellant's deceased husband. The evidence before the court by way of discovery showed that the cause of decedent's death was "hypertensive cardiovascular disease" and that in the several years prior to the issuance of the policies in question the deceased had been diagnosed as hypertensive and had received medical care for the condition. The application for the insurance contained a "health statement" section with a question inquiring whether the applicant either had, or had ever had "chest pains, high blood pressure, or other disease or disorder of heart or circulatory system." This question was answered "no" as were all the other health questions. That the failure to disclose decedent's medical history was material was established through the unrebutted affidavit of appellee's assistant vice president in charge of the underwriting department. *Held:*

"All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be

representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) Fraudulent; or (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." Code Ann. § 56-2409. The insurance company is not required to prove that the insured had actual knowledge of the falsity of a misrepresentation in order to prevent a recovery. See *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635) (1978). " 'Whether misrepresentations are material is ordinarily a question for the jury; but where, as here, the evidence excludes every reasonable inference except that they were material, no issue is presented upon that point for determination by the jury.' " *New York Life Ins. Co. v. Hollis,* 177 Ga. 805, 807 (171 SE 288) (1933); *Jefferson Standard Life Ins. Co. v. Bridges,* 146 Ga. App. 5 (1) (248 SE2d 5) (1978).

We conclude that the evidence before the court established conclusively that the representation concerning medical history was both false and material. However, the record does not establish that the false representation is chargeable to the decedent. Appellant submitted an affidavit to the effect that she was present when the application was completed, that the agent asked no questions concerning medical history, and that no medical information was provided by her husband. She also stated in the affidavit that she did not read the form and that the decedent was unable to read or write. The application form bears the decedent's mark, an X, which was witnessed by the appellant. Under the circumstances, a fact issue for jury determination remains. See *Reserve Life Ins. Co. v. Meeks,* 121 Ga. App. 592 (1) (174 SE2d 585) (1970).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED JUNE 24, 1980.

*Claudia Tesoro, Debra A. Segal, Carolyn S. Weeks,* for appellant.

*Theodore G. Frankel, James W. McKenzie, Jr.,* for appellee.