## 38741. FLETCHER v. ATLANTA BOARD OF REALTORS, INC.

SMITH, Justice.

Appellee Atlanta Board of Realtors owns and operates the Georgia Institute of Real Estate (GIRE) and the National Institute of

Real Estate (NIRE), two Atlanta-based schools offering instruction for persons preparing to take the Georgia Real Estate Licensing Test. Appellant Barney Fletcher, who formerly worked as an instructor for appellee, now directs a rival pre-licensing school for real estate brokers and salespersons.

GIRE and NIRE were not always affiliated with appellee. At one time Fletcher owned and operated NIRE, but in 1977 he sold the school to The Education Corporation, an entity which is not a party to this appeal. This transaction vested ownership of both GIRE and NIRE in The Education Corporation. Fletcher and The Education Corporation executed a contract for sale of NIRE on July 26, 1977. The contract provided that The Education Corporation would pay $22,500 for the school, and further provided: "(3) Sellers shall be restricted from operating or participating in the operation of any prelicensing school for real estate salespersons and brokers anywhere in the State of Georgia for a period of five years. Consideration paid by Purchasers to Sellers for said operating restriction is $1,000 ... (13) Purchaser shall have the exclusive use of the name Barney R. Fletcher in connection with the operation of Purchaser's prelicensing school for real estate salespersons and brokers. Such use includes advertising, providing the public is not misled by said advertising. Consideration paid by Purchasers to Sellers for said exclusive use of the name 'Barney R. Fletcher' shall be $8,500." Following the sale and until early 1980, The Education Corporation operated both NIRE and GIRE.

In January 1980, The Education Corporation merged with appellee Atlanta Board of Realtors. Immediately prior to the merger, appellee entered into a stock purchase agreement with The Education Corporation whereby appellee purchased all the tangible and intangible assets of the corporation. Page 11 of the agreement stated: "[The Education Corporation] has by the Contract of Sale dated July 26, 1977, the exclusive right to the use of the names "National Institute of Real Estate" and "Barney R. Fletcher" in connection with the operation of [its] prelicensing school for real estate salespersons and brokers and has the unrestricted right to transfer the use of said names to the Atlanta Board of Realtors, Inc."

After the merger, appellee began operating and continues to operate both the NIRE and GIRE prelicensing schools. Fletcher was employed by appellee as director of the two schools for nearly one year, but in August 1981 he resigned that position. In September 1981, Fletcher purchased an Atlanta prelicensing school known as Accelerated Courses in Real Estate. There is evidence in the record that Fletcher's new school competed with appellee's schools for

students and used the name "Barney Fletcher" in its advertisements.

Appellee sued Fletcher, seeking to enjoin him from operating a rival prelicensing school in Georgia and from using his name in connection with such a school. The trial court found that the promises made by Fletcher in the July 1977 contract were valid, and that the right to enforce those promises was assigned to appellee under the 1980 stock purchase agreement. The court granted an order enjoining Fletcher from (1) operating a prelicensing school in Georgia before July 25, 1982, and (2) using the name Barney R. Fletcher in connection with the operation of any prelicensing school for real estate brokers and salespersons. We affirm.

1. The covenant not to compete contained in paragraph 3 of the July 1977 contract expired by its own terms on July 25, 1982. We therefore dismiss as moot the portion of this appeal pertaining to the covenant not to compete. See *Goodyear v. Trust Co. Bank,* 247 Ga. 281, 284 (276 SE2d 30) (1981).

2. Paragraph 13 of the July 1977 contract granted The Education Corporation exclusive use of appellant's name in connection with the NIRE prelicensing school. A person may lawfully sell the exclusive right to use his name in connection with a business, limited only by ordinary contract principles. Brooker v. Brooker, 519 P2d 612 (Kan. Sup. Ct. 1974); *Brewer & Co. v. Lamar, Rankin & Lamar,* 69 Ga. 656 (1882); 87 CJS Trade-Marks, etc. § 178. Here Fletcher explicitly relinquished the right to use his own name in connection with a prelicensing school in exchange for $8,500. We find that there was an enforceable contract between Fletcher and The Education Corporation for the exclusive use of appellant's name. Cf. *Brewer & Co. v. Lamar, Rankin & Lamar,* supra.

Fletcher contends that appellee Board of Realtors, who was not a party to the July 1977 agreement, cannot enforce the terms of Paragraph 13. We disagree. Under the 1977 contract, The Education Corporation acquired exclusive use of appellant's name as part of the goodwill of the school business. This right was in turn assigned to appellee by virtue of the stock purchase agreement of 1980. "All choses in action arising upon contract may be assigned . . ." Code Ann. § 85-1803. Appellee may thus enforce Paragraph 13 of the July 1977 contract.

We note that the injunction issued by the court below does not bar appellant from operating or being associated with a prelicensing school. Fletcher is merely prohibited from using his name in connection with such an enterprise. The order enjoining appellant from using his name in connection with a prelicensing school for real estate brokers and salespersons is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 1982.

*Decker, Cooper & Hallman, Richard P. Decker, Robert A. Moss,* for appellant.
*Gambrell, Russell & Mobley, Frederick G. Boynton, Harold L. Russell,* for appellee.