64654. W. B. ANDERSON FEED & POULTRY COMPANY INC. et. al. v. GEORGIA GAS DISTRIBUTORS, INC.

Birdsong, Judge.

Appellant, Anderson Feed, sued appellee, Georgia Gas, for property loss resulting from the destruction of appellant's propane gas truck in an accident. Shortly before the accident in question, appellant caused Georgia Gas to install upon the subject vehicle a used tank obtained from another truck, which was supplied by appellant. Appellant alleged in its complaint that the accident resulting in the damage to the truck was caused by the negligence of appellee in connection with the installation of the tank. Appellant also based a claim against appellee on alleged breach of warranty, express and implied. At the close of appellant's evidence, the trial court directed a verdict in favor of appellee on the warranty claim. The case ultimately went to the jury on a negligence theory, and the jury returned a verdict in favor of appellee.

Appellant's sole enumeration of error challenges the directed verdict in favor of appellee on the implied warranty claim based on Code Ann. § 109A-2—315. "In order for the direction of a verdict to be error, it must appear that there was some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the appellant." *Whitco Produce Co. v. Bonanza International,* 154 Ga. App. 92, 94 (267 SE2d 627). We do not agree that the evidence adduced at trial, and all reasonable deductions and inferences from it, was sufficient to support a claim of implied warranty pursuant to Code Ann. § 109A-2—315.

The application of Article 2 of the Uniform Commercial Code is expressly limited to transactions involving the sale of goods. Code Ann. § 109A-2—102. "[A] contract for services and labor with an incidental furnishing of equipment and materials" is not a transaction involving "the sale of goods" and is not controlled by the Uniform Commercial Code. *Mingledorff's v. Hicks,* 133 Ga. App. 27, 28 (209 SE2d 661). See also *Dixie Lime &c. Co. v. Wiggins Scale Co.,* 144 Ga. App. 145 (240 SE2d 323).

In support of the application of Code Ann. § 109A-2—315 to the instant transaction, appellant argues that there was some evidence adduced at trial indicating that several rods, nuts, and bolts, supplied by appellee and used as attachment hardware for the tank installation, were defective and not fit for the purpose intended, which led to the accident in question. However, a review of the trial transcript reveals no evidence that would support the contention that the attachment hardware was not merely incidental to appellee's performance of the contract for services, i.e., the removal of the used tank from one vehicle and its installation on another. As logic and the above-cited cases demonstrate, the use of attachment hardware incidental to the installation of a 2,200 gallon tank on a vehicle, when both tank and vehicle are supplied by the purchaser of the installation, is not sufficient to cause the transaction to be characterized as a "sale of goods" rather than a "sale of services." Accordingly, the transaction in the present case was not a "sale of goods" and was not controlled by the Uniform Commercial Code, and the evidence would not authorize a contrary finding. The trial court did not err in granting appellee's motion for directed verdict on the implied warranty claim based on Code Ann. § 109A-2—315.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 22, 1982.

*James K. Knight, Jr.,* for appellants.
*Michael A. McKenzie,* for appellee.