### 64676. BAILEY v. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY.

McMURRAY, Presiding Judge.

This is a continuation of *Bailey v. Interstate Life &c. Ins. Co.,* 155 Ga. App. 65, 66 (270 SE2d 287), in which this court reversed the granting of a summary judgment in favor of the defendant. Reference is made to that case for a full statement of facts. This court held at page 66, "that the evidence before the court established conclusively that the representation concerning medical history was both false and material. However, the record does not establish that the false representation is chargeable to the decedent. Appellant submitted an affidavit to the effect that she was present when the application was completed, that the agent asked no questions concerning medical history, and that no medical information was provided by her husband. She also stated in the affidavit that she did not read the form and that the decedent was unable to read or write. The application form bears the decedent's mark, an X, which was

witnessed by the appellant. Under the circumstances, a fact issue for jury determination remains. See *Reserve Life Ins. Co. v. Meeks*, 121 Ga. App. 592 (1) (174 SE2d 585)."

Prior to trial the defendant moved to have the issues simplified and limited, and at a conference prior to trial the plaintiff contended that the jury also should be advised as to whether a copy of the application was attached to the policy when issued, and, if it was not whether the defendant had met its burden of proving fraud on the part of the decedent in applying for the policy. The trial court granted the defendant's motion and prohibited the plaintiff from presenting evidence to show the application was attached to the policy limiting the issue as to whom the false and material representation was chargeable. During the trial the defendant was allowed to present its case first as the burden of proof had shifted to it to prove its defense of misrepresentation. It proceeded to call the plaintiff as its first witness and she admitted on cross-examination that the decedent had been asked questions about his health. The exact testimony in response to the question is as follows: "Q. How did your husband answer those questions? A. Yes, he answered them the best he know how, by his — we both was going down to Grady's Hospital, then, but we didn't really know, we just said Grady's had the information, and that's all the information I knew. Q. All right, did your husband, on the questions about his health, did he answer no? A. I think he did. I'm not for sure. Q. You recall that he answered no to those questions? A. I think he did, I think so. Q. All right, one of the questions asked was whether your husband had been treated by a doctor in the last five years; did your husband answer no to that question by being treated by a doctor in the last five years; he answered no to that question, didn't he? A. I think he — no, he had been just — it probably be, because he never was a person sick under the doctor. Q. So, he answered no to that question? A. He answered no, only maybe have his finger hurt on the job, like that. Q. The application, your husband couldn't read or write, could he? A. No, he couldn't read or write. Q. And he signed his mark to it? A. Yes. Q. And you signed your name, too, is that right you signed your name to the application? . . . Well, let me show you this and just ask you — Ms. Bailey, I show you what's been marked defendant's exhibit 1; is that your name down there, Daisy Bailey? A. Yes, Daisy T. Bailey. Q. Then you signed that? A. Yes, I signed that. Mr. Frankel: Your Honor, we would like to introduce defendant's exhibit 1, counsel has already seen it. The Court: Any objection? Ms. Segal: No objection. The Court: Let defendant's exhibit 1 be admitted into evidence, there being no objection." At this point after the further cross-examination of the plaintiff in which she admitted

signing the application and the same was admitted without objection the defendant moved for directed verdict which was granted by the trial court. The plaintiff appeals enumerating error to the direction of the verdict. *Held:*

If issues of material fact remain for jury determination then it is not proper for a trial court to grant a summary judgment or to direct a verdict; for if there is some evidence, together with all reasonable deductions and inferences from it, to support the contentions of the opposing party, it is error for the court to grant such motion. See *Whitaker v. Paden,* 78 Ga. App. 145 (1), 148 (50 SE2d 774); *Pollock v. Ga. Power Co.,* 141 Ga. App. 678, 679 (3) (234 SE2d 107); *Elkins v. Willett Lincoln-Mercury,* 141 Ga. App. 458, 459 (233 SE2d 851); *Isom v. Schettino,* 129 Ga. App. 73, 74 (1) (199 SE2d 89). Compare *White v. Woods,* 135 Ga. App. 618, 619 (218 SE2d 322); *Whitco Produce Co. v. Bonanza International,* 154 Ga. App. 92, 94 (267 SE2d 627).

On the return of the remittitur, the defendant at trial stipulated a prima facie case in favor of the plaintiff, and the trial court shifted the burden to the defendant. Defendant's answer alleged fraud on the part of the decedent by reason of false and material representations in the application in that had defendant known of the existence of medical problems it would not have issued the two weekly life insurance policies, the insured having failed to disclose the health problems. Attached to the answer was an exhibit containing the application and another exhibit containing the two policies. Both policies stated that if the application was not attached to the contract the policy itself constituted "the entire contract" and "[a]ll statements made by you [the applicant — (the decedent) insured] in the absence of fraud, are deemed representations and not warranties and such statements may be used in defense of claim only if they are contained in the written application and a copy attached to this policy when issued." We are concerned here with the paucity of the evidence submitted by the defendant which was only the testimony of the plaintiff called for cross-examination and a copy of the application submitted as an exhibit. Nevertheless, defendant's case is based only on fraud which we proceed to consider.

The trial court assumed that this court had granted a partial summary judgment in favor of the defendant in that this court had held in *Bailey v. Interstate Life &c. Ins. Co.,* 155 Ga. App. 65, 66, supra, that it was established conclusively that in the application for the weekly insurance "the representation concerning [the decedent's] medical history was both false and material" and that under Code Ann. § 56-2409 (Ga. L. 1960, pp. 289, 660) if there were misrepresentations, omissions, concealment of facts and incorrect statements, this would not prevent recovery under the policy or

contract unless (1) Fraudulent; or (2) Material to the acceptance of the risk or material to the hazard assumed by the insurer; or (3) The insurer in good faith either would not have issued the policy in as large an amount, or at the premium rate, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer. In that opinion we found that it was "established conclusively" that there was a misrepresentation in the application concerning the "medical history" which was both "false and material," but it was not established that such was "chargeable to the decedent," an illiterate. Other issues with reference to Code Ann. § 56-2409, supra, were not determined as a matter of law. See in this connection *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235, 238 (248 SE2d 635), as to the decedent's "actual knowledge of the falsity, i.e., fraud"; and the materiality was not determined as "to the acceptance of the risk" or "to the hazard assumed by the insurer."

The defendant proceeded to call the plaintiff, who witnessed the application which was submitted in evidence, and she testified relative to the application taken by the insurer's agent, a Mr. James Cook, seated in the courtroom. No other witness was called nor was the policy offered in evidence. Her testimony did not conform to that found in her affidavit submitted in opposition to the motion for summary judgment. However, her exact testimony is set forth above in the statement of facts. We proceed to examine her answers as shown above in which she testified she thought her husband answered no to all the health questions, but she clarified her answer — "we both was going down to Grady's Hospital . . . we didn't really know, we just said Grady's had the information, and that's all the information I knew." Her testimony thus discloses she advised the agent (Cook) that Grady Hospital had their health records and an inference was thus created that the insurer received information about the health record being at Grady Hospital and she only thought that her decedent husband had answered the questions about his health. We note here that Mr. Cook, although present, did not testify. While a jury might infer fraud from her testimony with reference to the application for insurance, nevertheless, the jury might also infer the absence of fraud due to the ignorance of the plaintiff and her decedent husband, an illiterate, unable to read and write, and while she witnessed the form she was not questioned as to whether she had read it. A jury issue thus remains for determination with reference to the sole issue presented to it as to whether there was fraud committed by the decedent in applying for the insurance. The trial court erred in directing a verdict against the plaintiff. *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (1) (51 SE2d 699); *Holland v. Sanfax Corp.,*

106 Ga. App. 1 (1) (3), 4-5 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1), 179 (129 SE2d 408).

*Judgment reversed. Deen, P. J., Banke, Carley and Sognier, JJ., concur. Shulman, C. J., Quillian, P. J., Birdsong and Pope, JJ., dissent.*

DECIDED FEBRUARY 15, 1983 —
REHEARING DENIED MARCH 4, 1983 — 

*Debra A. Segal, Carolyn S. Weeks, Sandra Kaye,* for appellant.
*Theodore G. Frankel,* for appellee.

BIRDSONG, Judge, dissenting.

As I understand the linchpin of the majority's opinion, it is held that while a jury might infer fraud from the testimony of the decedent insured's wife with reference to the application for insurance, the jury might also infer the absence of fraud due to the ignorance of the widow (a witness to the application) and the illiteracy of her applicant husband in submitting the application. In substance then, the majority concludes that because of a possible lack of understanding a jury issue remains for determination with reference to the sole issue presented to it, whether there was fraud committed by the decedent in applying for the insurance.

In the original opinion in this case, this court remanded the case to the trial court for further consideration of whether false representations were chargeable to the decedent (*Bailey v. Interstate Life &c. Ins. Co.,* 155 Ga. App. 65 (270 SE2d 287)). This was necessitated because no factual illumination was cast on the question as to the source of the medical representations at the original hearing and the record could support a conclusion that all representations in the application emanated from the agent accepting the application.

In our initial decision, this court held that the evidence before the trial court established conclusively that the representation concerning medical history was both false and material. At the second hearing, Mrs. Bailey admitted that her husband answered questions concerning his health indicating a negative answer to those questions. In my opinion, this satisfied the void noted in our first opinion, and established Mr. Bailey's participation in furnishing the information concerning his health, laying to rest any question that the information originated with him, to the exclusion of the insurer's agent.

As held in the first *Bailey* case, supra, misrepresentations will prevent a recovery where the misrepresentation is fraudulent or material to the issuance of the policy. It was established by evidence

to the satisfaction of this court that the application contained false representations and such representations were material. On the second hearing these representations were shown to have come from the applicant. The insurance company was not required to prove that Mr. Bailey had knowledge of the falsity of a misrepresentation in order to prevent a recovery. See *United Family Life Ins. Co. v. Shirley,* 242 Ga. 235 (248 SE2d 635). Therefore, it is wholly immaterial that the falsity be known to Mr. Bailey. His illiteracy and his widow's ignorance (lack of knowledge or understanding) had no relevance to the denial of recovery where a material misrepresentation is shown. *Shirley,* supra. I would affirm the grant of summary judgment to appellee Interstate Life and Accident Insurance Company.

I respectfully dissent. I am authorized to state that Chief Judge Shulman, Presiding Judge Quillian and Judge Pope join in this dissent.