72879. DECATUR NORTH ASSOCIATES, LTD. v. BUILDERS GLASS, INC.
(350 SE2d 795)

CARLEY, Judge.

In March of 1981, the Decatur North Professional Building (Building) was owned by The Equitable Life Assurance Society of the United States (Equitable). In its capacity as the owner of the Building, Equitable entered into a contract with appellee-defendant Builders Glass, Inc. Under the contract, appellee was to recaulk the exterior of the Building for an agreed upon price. The contract also contained the specification that "[a]ll work done by [appellee] will hold a 10 year guarantee." Appellee completed the work and was paid the contract price.

In July of 1982, Equitable sold the Building to appellant-plaintiff Decatur North Associates, Ltd. After taking possession of the Building, appellant discovered leakage problems therein which it attributed to appellee's deficient recaulking job. In April of 1983, appellant and Equitable then entered into a written agreement whereby Equitable "transfer[red] and assign[ed] to [appellant] . . . all the right, title

and interest of [Equitable] in and to [appellee's March 1981 recaulking] Agreement . . . , together with any choses in action arising out of or resulting from said agreement." In June of 1983, appellant initiated the instant action against appellee. Insofar as it is relevant to the instant appeal, appellant sought, as Equitable's assignee, to recover damages for breach of express warranty in that appellee had allegedly failed and refused "to cure said defects [in the Building] within a reasonable time. . . ." Appellee answered, denying the material allegations of the complaint and raising numerous defenses. Appellee subsequently moved for summary judgment, basing its motion upon the lack of any contractual privity between itself and appellant. The trial court, after conducting a hearing, granted summary judgment in favor of appellee. It is from that order that appellant brings the instant appeal.

1. As a general rule, the existence of "privity" is required as between the parties in ex contractu actions and in ex delicto actions which arise out of a contract. See generally OCGA §§ 9-2-20 (a); 51-1-11 (a). "Privity of contract" is narrowly defined as "[t]hat connection or relationship which exists between two or more contracting parties." Black's Law Dictionary, 5th ed. (1979). However, there are some recognized exceptions to the requirement that the parties in an action based upon an underlying contract be those same parties who actually contracted. See generally OCGA §§ 51-1-11 (b) (products liability) and 9-2-20 (b) (third-party beneficiary), neither of which, however, is applicable under the evidence of record in the instant case. Compare *Buchanan v. Ga. Boy Pest Control*, 161 Ga. App. 301 (287 SE2d 752) (1982) (third-party beneficiary). The general assignability of contractual rights is one of the exceptions to the requirement of immediate contractual privity between the parties to an action. See generally OCGA § 44-12-22; *Fletcher v. Atlanta Board of Realtors*, 250 Ga. 21, 23 (2) (295 SE2d 737) (1982); *Sorrento Italian Restaurant v. Franco*, 107 Ga. App. 301 (129 SE2d 822) (1963). It is this assignability exception to the privity of contract requirement that appellant invokes.

In granting summary judgment in favor of appellee on its lack of privity defense, the trial court relied upon *Stewart v. Gainesville Glass Co.*, 131 Ga. App. 747 (206 SE2d 857) (1974), aff'd 233 Ga. 578 (212 SE2d 377) (1975) and *Tolar Constr. Co. v. GAF Corp.*, 154 Ga. App. 127 (267 SE2d 635) (1980), rev'd on other grounds 246 Ga. 411 (271 SE2d 811) (1980). Both of those cases involved warranties which were made in connection with the sale of goods. Such warranties are controlled by the statutory provisions of the Uniform Commercial Code (UCC), OCGA § 11-1-101 et seq. Although the UCC does provide for a limited exception to the privity of contract requirement in connection with an ex delicto action for breach of warranty, it does not purport to dispense with the privity requirement in its entirety.

By statute, the UCC warranties can only be made by a *seller* of goods and those warranties can only be extended either to *the buyer* or to those who have a specified *relationship with the buyer*. See OCGA § 11-2-318. The *Stewart* opinion recognizes that, for purposes of imposing liability for a breach of the UCC warranties, it is the applicable specific statutory provisions of the UCC and not general legal principles that are controlling as to the privity requirement and any exceptions thereto. " 'In a sale of personal property the warranty is *not negotiable or assignable*, and does not run with the article sold.' [Cit.]" (Emphasis supplied.) *Stewart v. Gainesville Glass Co.*, 131 Ga. App. supra at 752. See OCGA § 44-12-22 which provides that contracts "within the purview" of the UCC are an *exception* to the otherwise general assignability of *all* choses in action arising upon a contract. See also *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 829 (2) (302 SE2d 734) (1983), holding that, *under the provisions of the UCC*, the assignment of an *existing* breach of a UCC warranty *claim*, as opposed to an assignment of the warranty itself, is specifically authorized.

The *Stewart* and the *Tolar Constr. Co.* cases are, however, factually distinguishable from the instant case. The subject of the instant underlying transaction was appellee's services and the express warranty at issue involves the performance of those services, not a warranty of appellee's goods made in connection with a sale thereof. See *Dixie Lime &c. Co. v. Wiggins Scale Co.*, 144 Ga. App. 145 (2) (240 SE2d 323) (1977). Accordingly, the provisions of the UCC and cases, such as *Stewart* and *Tolar Constr. Co.* which construe those provisions are inapplicable authority in the instant case. See generally *Mingledorff's, Inc. v. Hicks*, 133 Ga. App. 27 (1) (209 SE2d 661) (1974). Appellee's warranty was, in essence, a covenant that it would stand behind the efficacy of its "work" for a ten-year period. This covenant was made to Equitable in its capacity as the owner of the Building wherein appellee's warranted services were performed. Appellee's contract with regard to its services did not specify that it would *not* be assignable by Equitable to any new owner of the Building. Compare *Mingledorff's v. Hicks*, supra. Appellant now occupies the capacity of owner of the Building *and* the status of the holder of the written assignment of Equitable's contract and warranty rights. Compare *Buchanan v. Ga. Boy Pest Control* supra (no assignment of contract rights by virtue of mere subsequent ownership of the subject building or by mere physical possession of the contract). No statutory or case law has been cited to or found by us indicating that a determination as to appellant's right to enforce such a non-UCC warranty would be controlled by anything other than the general legal principles of assignability. Accordingly, resolution of the instant case is dependent upon the applicability of those general legal principles.

2. "[W]hile contract rights and duties are generally assignable and delegable ([OCGA § 44-12-22]), duties may not be delegated where performance by the delegate would materially vary from the performance required by the original obligor. [Cit.]" *Dennard v. Freeport Minerals Co.*, 250 Ga. 330, 333-334 (297 SE2d 222) (1982). Thus, "[c]ertain classes of contracts are inherently non-assignable in their character, such as promises to marry, or engagements for *personal services*, requiring skill, science, or peculiar qualifications. When rights arising out of contract are coupled with obligations to be performed by the contractor and involve such a relation of personal confidence that it must have been intended that the rights should be exercised and the obligations performed by him alone, the contract, including both his rights and his obligations, can not be assigned without the consent of the other party to such contract. The rule is sometimes stated by saying, '*Contract rights coupled with liabilities, or involving a relation of personal confidence between the parties, can not be transferred to a third person by one of the parties* to the contract without the assent of the other.' [Cit.]" (Emphasis supplied.) *Cowart v. Singletary*, 140 Ga. 435, 446 (79 SE 196) (1913).

After paying appellee for the completed recaulking work, Equitable had no remaining *obligations* under the contract. The only contractual liability remaining was that assumed by appellee by virtue of its express warranty of its completed work. Thus, Equitable had the contractual *right* to enforce appellee's liability, which right was *not* coupled with any further liability on its part to appellee. Therefore, when Equitable assigned this *right* to appellant, appellant did *not* thereby assume any obligation of performance as to appellee. Likewise, there is nothing to show that the underlying contract involved personal confidences, such that appellee necessarily intended that the remaining right to enforce its warranty thereunder be exercised only by the Equitable. Compare *Mingledorff's, Inc. v. Hicks*, supra. The evidence shows only that appellee contracted with Equitable as the owner of the Building and there is no evidence that appellee would not have given the ten-year warranty on its "work" to anyone else who may have happened to own the Building and who wished to contract with appellee for recaulking.

Since it was only appellee who owed any further potential duty under the contract and since no personal confidences were involved in connection with the countervailing contractual right to enforce that duty, the instant case would come within the general rule of assignability of contract rights. It follows that there would be no legal impediment to the written assignment by Equitable of its existing rights under the contract without the prior consent of appellee. Accordingly, the trial court erred in granting summary judgment in favor of appellee on its lack of privity defense. Construing the evidence most favor-

ably for appellant, it has the right as the assignee of the contract to enforce appellee's ten-year covenant as to the sufficiency of the performance of its contractual obligations.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1986 —
REHEARING DENIED NOVEMBER 18, 1986 ▮▮▮▮▮▮▮▮▮▮▮

*Richard A. Gordon*, for appellant.
*David R. Hendrick, Nicholas S. Papleacos*, for appellee.