42243.   SOUTHERN NITROGEN COMPANY v. STEVENS
SHIPPING COMPANY.

ARGUED SEPTEMBER 6, 1966—DECIDED OCTOBER 14, 1966—
REHEARING DENIED NOVEMBER 9, 1966.

584

Adams, Adams & Brennan, Edward T. Brennan, J. Wiley Ellis, for appellant.

Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, E. Ormonde Hunter, for appellee.

JORDAN, Judge. ■ "Ordinarily, if one person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action over for indemnity against the person whose wrong has thus been imputed to him." *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628 (3a) (71 SE 1076). As stated by this court in that opinion (p. 631): "The right of one who has had a judgment rendered against him to maintain an action over against a third person may arise from relations contractual or non-contractual existing between the two. The duty to indemnify may arise from some express or implied agreement to indemnify, or may arise by operation of law, independently of contract. The natural legal, and proximate result of a tort committed by A. may be to subject B. to legal liability and to a necessity to respond in damages to some third person, say C., and in some such cases B., when subjected to liability by C., may recover from A. the amount of the damage which has thus been caused to him. Familiar examples of contractual right of action over are to be found in cases where the loser in the first action holds the warranty of a third person or holds his agreement to indemnify. The present case proceeds ex delicto. The petition alleges no warranty or contract for indemnity, but bases the right of the railroad company to recover over against the light company exclusively upon acts of negligence—negligent installation of the wires, negligent failure to insulate them properly, negligent failure to make adequate inspections, the negligent allowing of the electric circuit to become grounded. Hence we must determine whether through one or more of these alleged torts there arose in favor of the railway company a right of action over against the light company on the theory that the loss, which the railway incurred through its employee's widow establishing liability against it on account of her husband's death, can be considered as damages naturally, legally, and proximately flowing to the railway company from the light

company's wrongful acts. To state it somewhat differently, was the railway company in the first suit subjected to liability, not for its own immediate wrong, but solely because of the wrong of the light company?"

The plaintiff in this case does not allege the existence of a warranty or contract of indemnity on the part of the defendant, and is apparently proceeding ex delicto under the theory of the above cited decision. The plaintiff does not allege, however, that payment to Borden Chemical Company was made under the force of a legal judgment obtained against it by Borden, nor does the plaintiff allege that it was under any legal liability to Borden for the alleged damages sustained by the Borden Company resulting from the use of the contaminated urea. The petition simply alleges that the plaintiff negotiated a settlement with the Borden Company "in order to satisfy continuing demands made on it by Borden."

As stated by this court in *Central of Ga. R. Co. v. Southern Clays, Inc.,* 94 Ga. App. 377, 380 (94 SE2d 625), an action to establish liability over by an indemnitee against a purported indemnitor cannot be maintained until the existence of the indemnitee's liability to the injured party is "determined by some procedure known to law and the amount thereof becomes ascertainable." Whether or not this court meant to imply that a judgment must first be obtained against the indemnitee before he can maintain an action over for indemnity is not made clear in the opinion, but such view was apparently entertained by the Supreme Court in the case of *Terrell v. Stevenson,* 97 Ga. 570 (25 SE 352). In any event, it is clear that in order for one seeking indemnity to recover, he must allege and prove that he has sustained an actual legal liability to the injured party (see 42 CJS, Indemnity, § 25); and the petition in this case is clearly lacking in such essential allegation.

The plaintiff in its brief argues that it was liable to the Borden Chemical Company for breach of implied warranty of merchantability under former *Code* § 96-301 (2) which was in effect when the sale was made by it to Borden, but the existence of such implied warranty is not alleged in the plaintiff's petition, and construing the petition most strongly against

the plaintiff as must be done on general demurrer, we cannot infer its existence, for such warranty may well have been waived by the parties or superseded by an express warranty, and the contrary is not alleged. *Fite v. McEntyre,* 77 Ga. App. 585 (49 SE2d 159) at page 591, sets forth the essential elements of an action for breach of implied warranty and lists as one such element "the absence of a waiver of the warranty implied by the law." Since the provisions of *Code* § 96-301 apply only in the absence of an express warranty and since absence of a waiver must also be shown, the plaintiff could not show liability to the Borden Company (its vendee) without affirmatively alleging the applicability of this Code section and the absence of a waiver of its provisions.

Clearly, in the absence of allegations showing a legal necessity for payment by the plaintiff to the injured party, we must assume that such payment was made voluntarily and not under the compulsion of law; and such being true, the plaintiff had no standing to seek indemnity from the defendant. The trial court did not err therefore in sustaining the defendant's general demurrer to Count 1 of the petition.

■ The plaintiff in Count 2 predicates its right of action upon the written assignment to it by the Borden Company of any cause of action that the Borden Company might have against the defendant, and is thus proceeding upon the theory of conventional subrogation. *Western Union Tel. Co. v. Smith,* 50 Ga. App. 585 (178 SE 472). It is essential, therefore, in order for the plaintiff to state a cause of action based upon such assignment of any cause of action that the Borden Company might have against the defendant, to allege facts showing the existence of a cause of action on the part of Borden against the defendant. "Where the injured person does not have a cause of action against the wrongdoer, the person making compensation for the injury has nothing to which to be subrogated." 83 CJS 618, Subrogation, § 16.

The petition in this case does not disclose that the Borden Chemical Company had any direct right of action against the defendant; and the plaintiff in apparent recognition of this fact, has abandoned its enumeration of error on the sustaining of the

general demurrer to this count of the petition by failing to present argument on this ground.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*