## 58781. TOLAR CONSTRUCTION COMPANY et al. v. GAF CORPORATION et al.

SOGNIER, Judge.

Crow Birmingham Developers (Crow), plaintiff in the case below, entered into a contract with Tolar Construction Company (Tolar) for the construction of a warehouse in Birmingham, Alabama. Tolar subcontracted with Diamond Roofing Company (Diamond) to construct the roof on the building. Roofing materials were supplied by GAF Corporation (GAF) to Diamond and purchased by the owner of the building, who is not a party to the lawsuit. The warehouse was completed in March, 1973 and the roof began to leak almost immediately after the building was occupied. Crow sued Tolar, Diamond and GAF in contract and tort in July, 1977. Defendant Diamond cross-claimed against defendant GAF alleging negligence in the manufacture of the roofing material, breach of warranty and fraud, and sought contribution or indemnification; Tolar cross-claimed against defendant Diamond alleging breach of contract and negligence. GAF and Diamond moved for summary judgment against Crow based on the running of the statute of limitation. The trial court granted the motion on February 27, 1979 and that judgment was not appealed. In separate motions GAF also moved for summary judgment against Diamond and Tolar on their cross-claims, claiming that there was no genuine issue as to any material fact. On May 2, 1979 the trial court granted those motions and Tolar and Diamond have appealed from that judgment. We reverse.

What we are concerned with here is the viability of the cross-claims filed by Diamond and Tolar against GAF. GAF has been dismissed as a defendant from Crow's original suit because the statute of limitation had run. Diamond and Tolar's cross-claims are grounded in contract, i.e., breach of warranty, and tort, i.e., negligence and fraud. Diamond and Tolar have also stated a claim for contribution or indemnification against GAF for all or part of their liability to Crow.

It is undisputed that GAF had no contractual relationship with either Diamond or Tolar and that GAF sold the roofing materials directly to the owner of the building. Diamond and Tolar cannot recover from GAF for breach of warranties since there is no privity of contract between the parties. *Stewart v. Gainesville Glass Co.*, 131 Ga. App. 747, 748 (206 SE2d 857) (1974), affd. 233 Ga. 578 (212 SE2d 377) (1975).

Diamond and Tolar's cross-claims against GAF for negligence

also must fail. A cause of action for negligence must arise out of some duty owed by GAF to Diamond and Tolar. In Georgia, a cause of action for negligence may exist where a private duty arises out of a contractual relationship. Code Ann. § 105-104. Here we have a manufacturer supplying materials to a contractor and subcontractor, neither of whom have a contract with the manufacturer. The duty owed by GAF with regard to the material supplied was owed only to the owner of the building with whom GAF was in privity. Code Ann. § 105-106, which creates statutory liability irrespective of privity where a manufacturer supplies a product, does not apply in this case as the section, at the time the loss occurred, made the manufacturer liable only for personal injury. This section also runs only to the benefit of *natural* persons, not corporations. *Mike Bajalia, Inc. v. Amos Const. Co.,* 142 Ga. App. 225, 227 (235 SE2d 664) (1977). GAF, therefore, has no original liability to either Diamond or Tolar for negligence.

Diamond and Tolar have also cross-claimed for fraud and deceit and have prayed for damages of two kinds; actual damages, by way of contribution or indemnity suffered as a result of their liability to Crow, and punitive damages suffered as a result of GAF's alleged fraud.

Diamond and Tolar's cross-claim for fraud against GAF as a direct claim is barred by the statute of limitation since the claim arose in 1972 when the roof began to leak. This was sufficient to put Diamond and Tolar on notice that GAF may have been responsible in some way for the damages. A party must exercise ordinary diligence to discover fraud. *Webb v. Lewis,* 133 Ga. App. 18, 21 (209 SE2d 712) (1974). Thus, what is left are Diamond and Tolar's cross-claims for contribution or indemnity for all or part of their liability to Crow. An action for contribution or indemnity is maintainable as an independent cause of action in a cross-claim unless barred for some other reason. *Independent Mfg. Co. v. Automotive Products,* 141 Ga. App. 518, 520 (233 SE2d 874) (1977). The statute of limitation with regard to contribution or indemnity begins to run when judgment is entered against the party seeking the contribution or indemnity. *Champion v. Wells,* 139 Ga. App. 759, 762 (229 SE2d 479) (1976). The applicable statute of limitation for the plaintiff's complaint against the defendant has no bearing on the cross-claim for contribution or indemnity. *Independent Mfg. Co.,* supra.

The basis of Diamond and Tolar's cross-claim for contribution or indemnity is the alleged fraud committed by GAF. Although a *direct* claim for fraud against GAF may be barred by the statute of limitation, that same fraud is sufficient foundation for Diamond

and Tolar's action for contribution or indemnity. The right of contribution from a joint tortfeasor is a substantive right. *F. H. Ross & Co. v. White,* 224 Ga. 324 (161 SE2d 857) (1968). The substantial rights of the parties here, including the right to contribution, were fixed at the time of the injury or fraud. *Byington v. Lee,* 150 Ga. App. 393 (258 SE2d 6) (1979). However, the statute of limitation does not begin to run on the substantive right to contribution or indemnity until judgment is entered.

Finally, the trial court ruled that as a matter of law, GAF was not guilty of fraud and there was no genuine issue as to any material fact regarding fraud. We disagree. The elements of a cause of action for fraud are (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce plaintiff to act or refrain from acting in reliance thereon; (4) justifiable reliance by the plaintiff; (5) damage to the plaintiff. *Shaw v. Cook County Federal &c. Assn.,* 139 Ga. App. 419, 420 (228 SE2d 326) (1976). Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. Code Ann. § 37-706. It is peculiarly the province of the jury to pass on these circumstances. *Johnson v. Renfroe & McCrary,* 73 Ga. 138 (1884); *Wells v. Blitch,* 182 Ga. 826 (187 SE 86) (1936).

The trial court here ruled that GAF had made no misrepresentation regarding the roofing materials. However, there is evidence in the record that in marketing the roofing materials GAF made representations regarding the quality of the materials. Where basic representations of the manufacturer are made and acted upon with injury resulting, it is ordinarily a jury question whether false statements were made with an intent to deceive, or were made recklessly without any attempt to ascertain their truth, or were made innocently. *Central Chevrolet v. Campbell,* 129 Ga. App. 30 (198 SE2d 326) (1973). Whether or not Diamond and Tolar were justified in relying on GAF's representations of the quality of the materials is also a question for the jury. *Travel Wholesale v. Herren,* 132 Ga. App. 560, 561 (208 SE2d 571) (1974). Only by evidence presented to a jury, including perhaps customs of the business and course of dealing between the parties, can these issues be determined. *Neville v. Buckeye Cellulose Corp.,* 118 Ga. App. 439 (164 SE2d 257) (1968).

As the question of GAF's fraud is for the jury, the trial court erred in granting summary judgment thereon as to the claim for contribution or indemnity by Diamond and Tolar.

*Judgment reversed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

130

ARGUED OCTOBER 30, 1979 — DECIDED MARCH 14, 1980 —
REHEARING DENIED MARCH 26, 1980 — 

*J. Bruce Welch, Ben Kingree, John O. Moore,* for appellants.
*John A. Chandler, Jack H. Senterfitt, Samuel N. Werbin,* for
appellees.