36312. GAF CORPORATION v. TOLAR CONSTRUCTION
COMPANY et al.

JORDAN, Presiding Justice.

We granted certiorari to review the decision of the Court of
Appeals in *Tolar Const. Co. v. GAF Corp.*, 154 Ga. App. 127 (267
SE2d 635) (1980), in order to determine the following question:
Whether a defendant who fails to plead the statute of limitation
where it would bar a tort claim can seek contribution or in-
demnification as to his liability on that claim from a party whose
own potential liability on that claim is barred by the statute.

The conclusion of the Court of Appeals' opinion, where the facts
of this case are fully set out, was to reverse the trial court's grant of
summary judgment to GAF on Tolar and Diamond's cross-claims for
contribution or indemnity based on GAF's alleged fraud. The Court
of Appeals agreed with the trial court that the remaining counts of
Tolar and Diamond's cross-claims against GAF were properly subject
to summary judgment in GAF's favor. GAF is the only party who
sought certiorari. We will now only address the above-mentioned
question upon which we granted certiorari.[1]

At the outset, Tolar, the party who did not seek to relieve itself
from tort liability by pleading the statute of limitation against the
original plaintiff, has been quite frank about its motive in not doing
so. In its own words, Tolar is seeking to limit its "total exposure" to
the original plaintiff by keeping GAF in this lawsuit, so there is no
question here of Tolar's having inadvertently waived its statute of
limitation defense.

The question then becomes one of the voluntariness of Tolar's
being subject to liability to the original plaintiff. "Clearly, in the
absence of allegations showing a legal necessity for payment by the
[third-party] plaintiff to the injured party, we must assume that such
payment was made voluntarily and not under the compulsion of law;
and such being true, the [third-party] plaintiff had no standing
to seek indemnity from the [third-party] defendant." *Southern
Nitrogen Co. v. Stevens Shipping Co.*, 114 Ga. App. 581, 586 (151

---

[1] An amicus curiae brief has been filed by parties seeking review on a question of
law not contemplated by our question on certiorari. We decline addressing this
question.

SE2d 916) (1966).

We are not concerned with the question of GAF's standing to assert Tolar's statute of limitation defense. What we are concerned with is the quintessential element of a claim for contribution — the legal compulsion to pay on the part of one seeking contribution from a joint tortfeasor.

This same principle would apply to a claim for indemnification. As Louisiana has defined the issue, "[where] an action brought by an injured person against an alleged tortfeasor results in the alleged tortfeasor compromising the claim or being cast in judgment, no indemnification or contribution can be recovered by the party cast against a third party if the party cast had a defense available which would have defeated the action but failed to assert it." Jones v. Wright, 258 S2d 195, 197-198 (La. App. 1972).

"[H]e who pays a joint debt, pays to discharge himself; and so far from binding the others conclusively by his act, as virtually theirs also, he cannot recover over against them, in contribution, without such payment has been rightfully made, and ought to charge them.

"When the statute has run against a joint debt, the reasonable presumption is that it is no longer a subsisting debt; and therefore, there is no ground on which to raise a virtual agency to pay that which is not admitted to exist." Bell v. Morrison, 26 U. S. 350, 368 (1828).

We agree with the trial court that summary judgment should have been granted against Diamond and Tolar's claims for contribution or indemnification from GAF.

*Judgment reversed. All the Justices concur.*

Argued July 9, 1980 — Decided
September 24, 1980.

*Sutherland, Asbill & Brennan, John A. Chandler, John W. Bonds, Jr.,* for appellant.

*Carter, Ansley, Smith & McLendon, Ben Kingree, Freeman & Hawkins, J. Bruce Welch, John O. Moore, Alston, Miller & Gaines, Jack Senterfitt,* for appellees.

*Gambrell, Russell & Forbes, David A. Handley, Jonathan H. Waller,* amicus curiae.