A97A0785. CRAWFORD v. JOHNSON.
(489 SE2d 552)

RUFFIN, Judge.

Donald Crawford appeals from the trial court's grant of summary judgment to William Johnson on Crawford's cross-claim for contribution and indemnity. For reasons which follow, we affirm in part and reverse in part.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). The record shows that Presbyterian Home, Inc. ("Presbyterian") sued Crawford and Johnson to recover funds allegedly owed Presbyterian as a residuary legatee of Roberta Jane Gibson's estate. Presbyterian alleged that Crawford, as executor of Gibson's estate, and Johnson, as Crawford's attorney, depleted the estate through negligence, fraud, conversion, and improper conduct. Crawford answered and cross-claimed against Johnson for contribution and indemnity.

Prior to trial, Presbyterian settled its claims against Johnson, who was dismissed from the suit. In addition, the trial court severed Crawford's cross-claim from the main action. The jury found against Crawford and awarded Presbyterian $80,000 in direct and consequential damages and $10,000 in punitive damages. We subse-

quently affirmed the judgment against Crawford. *Crawford v. Presbyterian Home*, 216 Ga. App. 54 (453 SE2d 480) (1994). Crawford's cross-claim against Johnson, however, remained pending.

Following the trial in the main action, Crawford amended and restated his cross-claim to allege that Johnson engaged in "fraud, simple negligence, and improper conduct." Crawford further alleged that "[a]t all times relevant herein, Johnson acted as attorney and advisor for Crawford, individually and in Crawford's capacity as [executor]." Seeking costs of the main action plus interest, Crawford claimed that "Johnson's acts of fraud, and/or simple negligence, and/or conversion, and/or improper conduct in connection with the handling of [Gibson's estate] have resulted in damage, harm and loss to Crawford in these amounts."

Johnson moved for summary judgment, arguing that Crawford's cross-claim must fail because (1) his own intentional and fraudulent acts cannot support recovery for contribution and indemnity, and (2) he neglected to attach an expert affidavit to his cross-claim pursuant to OCGA § 9-11-9.1. The trial court agreed and granted Johnson's motion for summary judgment. Crawford now appeals from the trial court's order.

1. Crawford argues that the trial court erred in finding, as a matter of law, that he has no right of contribution or indemnity because his liability to Presbyterian stemmed from his own intentional conduct. We agree.

Generally, a tortfeasor who pays a judgment enjoys a right of contribution against other joint tortfeasors. OCGA § 51-12-32 (a). Even if Crawford and Johnson are found to be joint tortfeasors, however, Crawford may not seek contribution for liability arising from his own acts of moral turpitude. Id. Both actual fraud and wilful conversion involve moral turpitude, which has been defined as " 'everything done contrary to justice, honesty, modesty, or good morals.' " (Citation omitted.) *Huff v. Anderson*, 212 Ga. 32, 34 (2) (90 SE2d 329) (1955). See also *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 129 (1) (421 SE2d 555) (1992) (" 'Actual fraud involves moral turpitude[.]' "); *Privitera v. Addison*, 190 Ga. App. 102, 105-106 (2) (378 SE2d 312) (1989) (describing conversion and wilful diversion of funds as acts of moral turpitude).

Similarly, Crawford's intentional acts cannot support his indemnification claim. Indemnification contemplates imputed liability arising from the torts of another. "A person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has thus been imputed to him. [Cits.]" *North Ga. Elec. Membership Corp. v. Thomason &c. Constr. Co.*, 157 Ga. App. 719, 720 (1) (278 SE2d 433) (1981).

Thus, to the extent Crawford's liability to Presbyterian was grounded in actual fraud, conversion, or other acts of moral turpitude, he has no claim for contribution or indemnity. The record shows, however, that the jury was not charged solely on such intentional acts. For example, the trial court also instructed on constructive fraud and ordinary care. The trial court further told the jury that Presbyterian's contentions against Crawford included claims of negligence.

The jury returned a general verdict of liability, along with a punitive damages award. Johnson argues that the punitive damages award "demonstrates unequivocally that Crawford's conduct involved moral turpitude." Pretermitting whether the punitive award establishes that at least some portion of Crawford's liability arose from intentional acts not supporting contribution or indemnity, however, we cannot agree that his claim fails as a matter of law. The jury's general verdict does not specify the basis for its compensatory award. Thus, it is impossible to determine from the verdict itself whether any part of that award relates to claims, such as negligence, that may give rise to contribution and indemnity.

"A general verdict must be construed in light of the pleadings, the issues made by the evidence and the charge of the court." *Hickman Datsun v. Foster*, 181 Ga. App. 229, 230 (2) (351 SE2d 678) (1986). The jury was charged on intentional torts involving moral turpitude, as well as negligence and constructive fraud, which involve no moral guilt. See *Farmers State Bank v. Huguenin*, 220 Ga. App. 657, 660 (1) (469 SE2d 34) (1996); *Conner v. Branch*, 185 Ga. App. 565, 566 (364 SE2d 890) (1988); *Alford v. Oliver*, 169 Ga. App. 865, 866 (2) (315 SE2d 299) (1984). We cannot determine from the general verdict the underlying basis for the jury's award in this case.

Questions of fact remain as to (1) whether Crawford may seek contribution or indemnity for *any* portion of Presbyterian's award, and (2) if so, what portion of that award is subject to a claim for contribution or indemnity. Accordingly, the trial court erred in granting Johnson summary judgment on Crawford's overall claim for contribution and indemnity.

2. Even if Crawford can seek contribution and indemnity from Johnson, however, not all of the allegations in his cross-claim present viable bases for recovery. Thus, we next consider which grounds alleged by Crawford survive summary judgment.

(a) To the extent Crawford's contribution and indemnity claim alleges negligence by Johnson, the trial court properly dismissed the claim for failure to comply with OCGA § 9-11-9.1.

OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice . . . , the plaintiff shall be required to file with the complaint an affidavit of an expert competent to tes-

tify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Failure to attach the required affidavit subjects a malpractice claim to dismissal on the merits. *Hodo v. Gen. Hosp. of Humana*, 211 Ga. App. 6, 8 (2) (438 SE2d 378) (1993). Crawford did not attach an expert affidavit to his cross-claim against Johnson. He contends, however, that his cross-claim alleges simple negligence by Johnson, rather than professional malpractice, and thus is not subject to OCGA § 9-11-9.1. We disagree.

As an initial matter, Crawford argues that non-compliance with OCGA § 9-11-9.1 should be raised in a motion to dismiss, not in a motion for summary judgment, as Johnson did here. He is correct " 'that a failure to comply with the pleading requirements of OCGA § 9-11-9.1 would *not* authorize the grant of *summary judgment*. [Cit.] However, we will address the merits of this [portion of the] appeal as if the trial court had dismissed [Crawford's cross-claim] rather than granted summary judgment in [Johnson's] favor.' [Cit.]" (Emphasis in original.) *Hodo*, supra.

In his amended cross-claim, Crawford alleged that he "relied on Johnson and Johnson's [employee] to guide and direct him in his duties, responsibilities, and obligations as [executor]. . . . At all times relevant herein, Johnson acted as attorney and advisor for Crawford in this regard." Crawford further alleged that Johnson negligently advised him on legal and other fees paid by the estate; negligently failed to inform Presbyterian regarding its beneficiary interest in the estate; negligently depleted the estate's assets; and negligently handled fees incurred by the estate.

"The determinative factor as to whether a suit in negligence is or is not a malpractice action within the ambit of OCGA § 9-11-9.1 is the existence or absence of allegations that the defendant-professional has rendered negligent professional services." *Jordan, Jones & Goulding, Inc. v. Wilson*, 197 Ga. App. 354, 355-356 (1) (398 SE2d 385) (1990). "Where the failure to do a thing, or the negligent doing of it, is proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a 'professional' act or practice. [Cit.] Wherever it is 'necessary to establish the parameters of acceptable professional conduct' ([cit.]) in order to prove negligence or breach for failure to perform in a workmanlike manner, the case must be deemed a *professional* malpractice case." (Emphasis in original.) *Razete v. Preferred Research*, 197 Ga. App. 69, 70 (397 SE2d 489) (1990).

Despite Crawford's claim that he intended only to allege simple negligence, he prefaced his negligence contentions by stating that "[a]t all times relevant herein, Johnson acted as attorney and advisor for Crawford, individually and in Crawford's capacity as [executor]."

Crawford's cross-claim clearly alleges negligence by Johnson in his capacity as attorney and advisor. The cross-claim does not allege that Johnson committed a mere clerical error or mistake involving no professional judgment. Compare *Creel v. Cotton States Mut. Ins. Co.*, 260 Ga. 499, 500 (397 SE2d 294) (1990) (allegation that defendant negligently transmitted information to claimant involved claim of simple negligence, rather than malpractice); *Razete*, supra at 70 ("The omission of the last page [of a title examination report] showing the liens [on property] was a simple act of negligence and not an act of malpractice.").

In this suit, Crawford claims that Johnson, as his attorney, negligently handled and advised him about Gibson's estate. "The [cross-claim] is based upon acts and omissions by [Johnson], in [his] capacity as [Crawford's] legal representative, in a legal proceeding. Recognizing that professional malpractice exists only where the act or omission by a professional requires the exercise of expert professional judgment, we find that the various acts and omissions averred in the [cross-claim] attempting to establish negligence on the part of [Johnson] each involves a situation requiring the exercise of legal judgment." (Citations and punctuation omitted.) *Richmond Leasing Co. v. Cooper, Cooper, Maioriello &c.*, 207 Ga. App. 623 (1) (428 SE2d 603) (1993). Accordingly, to the extent Crawford alleges that Johnson acted negligently, the trial court properly dismissed the claim for failure to comply with OCGA § 9-11-9.1.[1]

(b) We note, however, that "the affidavit requirements of OCGA § 9-11-9.1 are limited to those claims 'for professional *malpractice by negligent act or omission, sounding in tort or by breach of contract* for failure to perform professional services in accordance with the professional obligation of care.' [Cit.]" (Emphasis in original.) *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994). Thus, to the extent Crawford's contribution and indemnity claim alleges fraud, conversion, or other conduct not involving Johnson's negligence, it survives summary judgment.

(c) Crawford's final basis for contribution and indemnity against Johnson involves the theory of respondeat superior. In his cross-claim, Crawford alleged that one of Johnson's employees "fraudulently, negligently, and by improper conduct, used her position to wrongfully convert to her own use . . . funds of the Estate . . .

---

[1] On appeal, Crawford contends that res judicata bars Johnson from arguing that this case involves professional malpractice. According to Crawford, the trial court rejected the professional malpractice argument when it denied Johnson's original motion for summary judgment against Presbyterian, a ruling Johnson never appealed. The trial court's ruling on that motion, however, makes no findings regarding the underlying basis of Presbyterian's negligence claims against Johnson, much less Crawford's cross-claim for negligence. We find no evidence that res judicata bars Johnson's argument.

entrusted to her by Crawford . . . and Johnson is responsible for [the employee's] fraud, negligence, conversion, and misconduct under the legal theory of *respondeat superior.*"

"The rule of 'respondeat superior,' or that the master shall be civilly liable for the tortious acts of his servant, is of universal application, whether the act be one of omission or commission, whether negligent, fraudulent, or deceitful. If it be done in the course of his employment, the master is liable; and it makes no difference that the master did not authorize, or even know of the servant's act or neglect, or even if he disapproved or forbade it, he is equally liable, if the act be done in the course of his servant's employment." (Citations and punctuation omitted.) *Johnson Realty v. Hand*, 189 Ga. App. 706, 713-714 (14) (377 SE2d 176) (1988).

On appeal, Johnson only argues that Crawford's respondeat superior claim fails because Johnson and his employee are not technically "joint tortfeasors" and thus are not subject to contribution. An employee and employer liable for the employee's actions through respondeat superior generally are not viewed as joint tortfeasors. See *St. Paul Fire &c. Ins. Co. v. MAG Mut. Ins. Co.*, 209 Ga. App. 184, 185 (433 SE2d 112) (1993). Thus, the employee has no right of contribution against the employer. Id. Johnson and his employee, however, do not seek contribution amongst themselves. Rather, Crawford seeks contribution and indemnity from Johnson based upon the employee's actions. Crawford's claim is not precluded simply because Johnson's alleged liability may be imputed through respondeat superior. See *Williams Bros. Lumber Co. v. Anderson*, 210 Ga. 198, 204 (2) (78 SE2d 612) (1953) (allowing contribution against partnership for negligence of partnership's servant).

Johnson has presented no other basis for summary judgment on Crawford's respondeat superior allegation. Accordingly, the trial court erred to the extent it granted Johnson summary judgment on this portion of Crawford's claim.

3. In his final enumeration of error, Crawford argues that the trial court erred in denying his motion to (1) create a transcript of two pretrial conferences pursuant to OCGA § 5-6-41 and (2) add the transcript to the appellate record. Specifically, Crawford asked the trial court to order a transcript made of discussions held in the main action regarding the applicable punitive damages statute. According to Crawford, the transcript would show that the trial court employed the old punitive damages statute at the trial of the main action, rather than OCGA § 51-12-5.1. The trial court denied Crawford's request.

We find that the additional transcript sought by Crawford is unnecessary. The transcript of the charge conference held during the main trial clearly establishes that, as Crawford contends, the trial

court utilized the old punitive damages standard embodied in OCGA § 51-12-5. "[T]his issue can be resolved by looking to the remaining portions of the transcript. Therefore, it can not be said that anything material to [Crawford] has been omitted from the record on appeal." (Footnote omitted.) *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980). Accordingly, the trial court did not err in denying Crawford's motion to create a transcript pursuant to OCGA § 5-6-41.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JULY 11, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 — 

*Van C. Wilks*, for appellant.
*Hawkins & Parnell, H. Lane Young II, Thomas F. Wamsley, Jr., Thomas G. Tidwell*, for appellee.