## A01A0386. ODUM et al. v. MONTGOMERY.
(547 SE2d 770)

ELDRIDGE, Judge.

DeKalb County driver Terence Christian and his passenger, Vickie Odum, ("plaintiffs") filed an action against Robert T. Montgomery on March 26, 1999, for their alleged injuries and property damage arising out of an accident in which the car Montgomery was driving collided with the plaintiffs' vehicle from the rear while stopped to make a left turn across traffic. Montgomery timely filed his answer denying the material allegations of plaintiffs' complaint and, in November 1999, filed a motion to dismiss with prejudice for failure to state a claim asserting that plaintiffs filed their lawsuit "three days after the two-year statute of limitation[ ] had run." Plaintiffs appeal from the state court's grant of the motion to dismiss, enumerating three claims of error. The plaintiffs contend that the state court erred in granting Montgomery's motion (1) because the police report Montgomery attached to his motion to dismiss as evidence of the date of the accident was inadmissible as hearsay; (2) because Montgomery failed to support his motion by citation of authority, affidavits, or other evidence in violation of Uniform State Court Rule 6.1; and (3) because by its order dismissing plaintiffs' complaint as a whole upon the two-year statute of limitation applicable to their personal injury claims,[1] the state court dismissed plaintiffs' property damage claim as to which the applicable four-year statute of limitation[2] had not run. Finding that the state court impermissibly considered matters outside the pleadings in dismissing the complaint, we must reverse.

Pretermitting plaintiffs' claims of error, the record shows that Montgomery supported his motion to dismiss by a police report showing that plaintiffs' cause of action was time-barred by the two-year statute of limitation applicable to plaintiffs' personal injury claims — this since the report reflected that the parties' accident occurred four days earlier than the plaintiffs had averred by their complaint,[3] a change resulting in the running of the statute of limitation on March 23, 1999, three days before the complaint was filed. In doing so,

---

[1] OCGA § 9-3-33 provides that
[a]ctions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

[2] "Actions for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues." OCGA § 9-3-32.

[3] Plaintiffs' complaint alleged that the accident occurred on March 27, 1997. The police report reflected that the accident took place on March 23, 1997.

Montgomery raised an issue of fact properly disposed of by motion for summary judgment rather than by motion to dismiss for failure to state a claim. See *American Car Rentals v. Walden Leasing*, 215 Ga. App. 621, 622 (451 SE2d 537) (1994); *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (4) (263 SE2d 698) (1979); *Myers v. McLarty*, 150 Ga. App. 432, 433-434 (258 SE2d 56) (1979).

> Although OCGA § 9-11-12 (b) allows a trial court to convert a motion to dismiss into a motion for summary judgment when matters outside the pleadings are considered, it must provide 30 days notice of its intent to do so, to enable the opposing party to present evidence in opposition to the motion. See *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992); *Williams v. Columbus, Ga.*, 151 Ga. App. 311 (259 SE2d 705) (1979).

*Andemeskel v. Waffle House*, 227 Ga. App. 887, 888 (2) (490 SE2d 550) (1997).

Nothing of record here indicates that the state court treated Montgomery's motion to dismiss as a motion for summary judgment. Moreover, the state court's order states that in addition to the pleadings and Montgomery's amended answer, it dismissed plaintiffs' complaint upon a consideration of the police report which Montgomery attached to his motion to dismiss. Viewed in the light most favorable to the plaintiffs and upon the pleadings alone, we are unable to conclude beyond doubt that the plaintiffs could not prove any facts entitling them to recover. *Mooney v. Mooney*, 235 Ga. App. 117 (508 SE2d 766) (1998). Accordingly, we conclude that the state court erred in granting Montgomery's motion to dismiss.

*Judgment reversed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED APRIL 12, 2001.

*Ralph J. Villani*, for appellants.
*Frederick & Associates, Joe L. Brown, Jr.*, for appellee.