## A01A0933. AUTO-OWNERS INSURANCE COMPANY
## v. ANDERSON et al.
### (556 SE2d 465)

POPE, Presiding Judge.

Auto-Owners Insurance Company filed an indemnity claim against Robert B. Anderson, Jr. and Anderson Insurance Agency, Inc.[1] Anderson moved to dismiss the complaint on the ground that Auto-Owners's claim was barred by the applicable statute of limita-

---

[1] Both defendant-appellees will be referred to collectively as "Anderson."

tion, and the trial court granted the motion. Auto-Owners appeals asserting that the trial court misapplied the statutes of limitation for breach of contract claims to its indemnity claim. We agree and reverse.

Although the parties and the trial court referred to Anderson's motion as a motion to dismiss, both parties presented affidavits in connection with the motion and both relied upon evidence outside the pleadings in making their arguments. The trial judge, too, relied upon this evidence in ruling upon the motion to dismiss as his order states that he considered all matters of record. Therefore, we must treat Anderson's motion as a motion for summary judgment. *Cox Enterprises v. Nix*, 273 Ga. 152, 154 (538 SE2d 449) (2000).[2] Compare *Odum v. Montgomery*, 249 Ga. App. 211, 212 (547 SE2d 770) (2001). And in reviewing the motion, we will conduct a de novo review of the record, construing the evidence and all inferences therefrom in favor of Auto-Owners. See *Merritt v. State Farm &c. Ins. Co.*, 247 Ga. App. 442, 446 (1) (544 SE2d 180) (2000).

Viewed in that light, the evidence shows that in 1984, Auto-Owners granted Anderson Insurance Agency authority to act as its agent "to solicit and secure applications and to bind coverage" on its behalf in "the territory of Valdosta, Georgia and vicinity." On April 26, 1993, Anderson issued an insurance binder to Allison Metal Fabrication, which on its face purported to grant temporary general liability and other coverages. This binder stated that it expired on May 26, 1993. No other binder or policy appears in the record. Nevertheless, on October 12, 1993, Anderson issued a certificate of insurance representing that Allison Metal was covered under an Auto-Owners's insurance policy that was due to expire on April 26, 1994. In his deposition, Robert Anderson admitted that at the time this certificate was issued, there was no insurance policy, only the April 1993 binder.

Subsequently, when an injured party sued Allison Metal, it apparently submitted a claim to Auto-Owners in reliance upon the certificate of insurance issued by Anderson. Auto-Owners asserts that it was required under agency principles to provide a defense to the claim, even though there was no existing policy. Auto-Owners settled the claim for $450,000. It then sued Anderson for indemnification of that payment, asserting that Anderson's issuance of the certif-

---

[2] Generally, a trial court must give notice that it intends to consider matters outside the record and that it will treat the motion as a motion for summary judgment. OCGA § 9-11-12 (b). The opposing party is then given 30 days to submit evidence in opposition to the summary judgment motion. OCGA § 9-11-56 (c); *Cox Enterprises v. Nix*, 273 Ga. at 153. But where both parties submit evidence in connection with the motion and the party opposing the motion raises no objection to the trial court's consideration of such evidence, this notice requirement is waived. Id. at 154.

icate was fraudulent because Anderson knew at that time that there was no valid Auto-Owners policy covering Allison Metal.

Anderson moved to dismiss on statute of limitation grounds asserting that Auto-Owners's claim was really one for breach of contract because the complaint includes a number of allegations that Anderson's actions were in violation of the parties' agency agreement. The trial court apparently agreed with Anderson as it found that Auto-Owners's claims were barred under the four-year or six-year statutes of limitation applicable to breach of contract claims. OCGA §§ 9-3-24; 9-3-25. The trial court also found sua sponte that Auto-Owners could not pursue an indemnification claim because it voluntarily settled the underlying lawsuit on behalf of Allison Metal.

1. As an initial matter, we find that Auto-Owners's complaint sets forth a claim of indemnity rather than a claim for breach of contract. An action for indemnity allows one who has been required to pay damages caused by the tort of a third party to recover against that party: "Indemnification contemplates imputed liability arising from the torts of another. A person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has thus been imputed to him." (Citations and punctuation omitted.) *Crawford v. Johnson*, 227 Ga. App. 548, 549 (1) (489 SE2d 552) (1997).

Here, Auto-Owners alleges that it was required to provide insurance coverage to Allison Metal because Anderson fraudulently misrepresented that the company was covered by an Auto-Owners policy. In other words, it contends that Anderson defrauded Allison Metal (and others) when it represented that the company was covered by an Auto-Owners policy. And as principal, Auto-Owners could be liable to Allison Metal for the fraud of its agent, Anderson, under well-settled agency principles. See, e.g., OCGA §§ 10-6-56; 10-6-60. Thus, Auto-Owners asserts that as a result of that fraud it was required to defend Allison Metal in the personal injury suit filed against it and ultimately to pay $450,000 in settlement. We read these allegations as setting forth a claim of indemnification[3] for funds paid due to Anderson's fraud upon Allison Metal (and other parties who relied upon the certificate of insurance), and not as a direct claim for breach of contract.[4]

---

[3] There is no requirement that Auto-Owners be sued for the fraud of its agent before seeking indemnity. Under OCGA § 51-12-32 (c), the right of indemnity exists "[w]ithout the necessity of being charged by an action or judgment."

[4] The fact that the complaint alleges that Anderson's actions violated the parties' agreement does not alter the nature of the relief sought. Rather, those allegations go to the unlawful nature of the actions and support the allegation of fraud.

The statute of limitation for a claim of indemnity is 20 years from the settlement or final judgment. *Satilla Community Svc. Bd. v. Satilla Health Svcs.*, 251 Ga. App. 881, 888 (3) (555 SE2d 188) (2001); *Rolleston v. Cherry*, 226 Ga. App. 750, 755 (2) (b) (487 SE2d 354) (1997). And the statute begins to run from the payment of the settlement or judgment. Indeed, "[w]here no funds have yet been expended, a party's right to seek indemnification has not yet actualized." (Citation omitted.) *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (2) (503 SE2d 649) (1998). Here, the settlement was paid on October 31, 1997, and suit was filed on October 27, 1999, well within the limitation period. Therefore, we reverse the trial court's order to the extent that it holds that Auto-Owners's claim is time-barred.

2. We also hold that the trial court was incorrect in ruling sua sponte that Auto-Owners's claim for indemnity failed because the company voluntarily settled the underlying action. In the first instance, we note that under OCGA § 51-12-32, the right of indemnity "shall not be lost or prejudiced by compromise and settlement." Further, the trial court erred in relying upon *GAF Corp. v. Tolar Constr. Co.*, 246 Ga. 411 (271 SE2d 811) (1980), and *Southern Nitrogen Co. v. Stevens Shipping Co.*, 114 Ga. App. 581 (151 SE2d 916) (1966), in making its ruling. Those cases do not hold that settlement bars a claim for indemnity, but rather hold that no such claim exists where the party seeking indemnity was not legally obligated to make payment.

In *GAF Corp.*, our Supreme Court held that a defendant who knowingly failed to raise a valid statute of limitation defense against a claim could not seek indemnity from a third party for the judgment on that claim. The court found that the defendant had intentionally waived its limitation defense in order to keep the third party in the lawsuit and thus limit its own exposure.[5] 246 Ga. at 411. Under these circumstances, the court found that the payment of the judgment was entirely voluntary: "Clearly, in the absence of allegations showing a legal necessity for payment by the [defendant] to the injured party, we must assume that such payment was made voluntarily and not under the compulsion of law; and such being true, the [defendant] had no standing to seek indemnity from the third-party. . . ." (Punctuation omitted.) Id., quoting *Southern Nitrogen,* 114 Ga. App. at 586 (1).

Similarly, this Court found in *Southern Nitrogen* that a party failed to state a claim for indemnity where the complaint failed to

---

[5] In fact, the third party, itself a defendant in the lawsuit, had successfully raised the limitation defense on the same claim. *Tolar Constr. Co. v. GAF Corp.*, 154 Ga. App. 127 (267 SE2d 635) (1980).

allege that the plaintiff was under a legal liability to pay the damages for which it sought indemnity. The complaint merely alleged that the party had negotiated a settlement " 'in order to satisfy [the] continuing demands made [upon] it' " by the injured party. 114 Ga. App. at 585 (1).[6] Therefore, the decision in *Southern Nitrogen* turned on the absence of an allegation of legal liability, not on the fact that the claim was settled.

And to the extent that *Southern Nitrogen* has been interpreted as holding that the "liability of an indemnitee cannot be established prior to the entry of a judgment or other similar legal proceedings against the indemnitee," this Court has held that that interpretation was superseded by the passage of OCGA § 51-12-32. (Citations omitted.) *Randall v. Norton*, 192 Ga. App. 734, 736-737 (3) (386 SE2d 518) (1989).

In this case, Auto-Owners has alleged the basis for its legal liability — that Anderson misrepresented that Allison Metal was covered by an Auto-Owners policy and that Auto-Owners was bound by that misrepresentation under the law of agency. And there is no issue here of a clear statute of limitation defense as there was in *GAF Corp.* Therefore, the issue of whether Auto-Owners can prove it had a legal liability to provide insurance coverage to Allison Metal remains an open question that has yet to be addressed by the parties.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED NOVEMBER 8, 2001.

*John T. Croley, Jr.*, for appellant.
*Elliott & Blackburn, Walter G. Elliott*, for appellees.

---

[6] As Auto-Owners correctly notes, this case construed pleadings filed before the enactment of Georgia's Civil Practice Act. OCGA § 9-11-1 et seq.