## A11A0340. SAIIA CONSTRUCTION, LLC v. TERRACON CONSULTANTS, INC.

(714 SE2d 3)

BLACKWELL, Judge.

Saiia Construction, LLC settled a claim arising from its alleged failure to properly construct a retaining wall, and Saiia sued Terracon Consultants, Inc., a firm that advised Saiia in connection with the construction of the wall, for contractual indemnification, common-law indemnification, and contribution.[1] Relying on our decision in *Jordan Jones & Goulding v. Newell Recycling of Atlanta*, 299 Ga. App. 294 (682 SE2d 666) (2009)—in which we held that, even when a written contract governs a professional relationship, any claims sounding in professional malpractice are subject to the limitations set forth in OCGA § 9-3-25—Terracon moved for summary judgment, contending that the claims against it sound in professional malpractice, were not filed within four years of the last date on which Terracon performed services for Saiia, and are barred, therefore, by OCGA § 9-3-25. The trial court granted the motion, and Saiia commenced this appeal. Since then, the Supreme Court of Georgia has overturned our decision in *Jordan Jones*, holding that not all professional malpractice claims are subject to OCGA § 9-3-25. See *Newell Recycling of Atlanta v. Jordan Jones & Goulding*, 288 Ga. 236 (703 SE2d 323) (2010); see also *Jordan Jones & Goulding v. Newell Recycling of Atlanta*, 309 Ga. App. 717 (710 SE2d 915) (2011). We now conclude that the trial court in this case erred when it awarded summary judgment to Terracon, and we reverse the judgment below.

Summary judgment is warranted when the material facts, as shown by the pleadings and record evidence, are undisputed and these facts entitle the moving party to judgment as a matter of law. See OCGA § 9-11-56 (c). We review de novo the grant of a motion for summary judgment. *McPherson v. McPherson*, 307 Ga. App. 548, 548 (705 SE2d 314) (2011); see also *Pendley v. Southern Regional Health System*, 307 Ga. App. 82, 82 (704 SE2d 198) (2010). And we view the record evidence on appeal in the same way as the trial court, that is, in the light most favorable to the nonmoving party. *McPherson*, 307 Ga. App. at 548; see also *Pendley*, 307 Ga. App. at 82.

So viewed, the record shows that a general contractor hired Saiia to perform certain site work in connection with the construction of an apartment complex. This work involved, among other things, the erection of a retaining wall. On November 2, 2002, Terracon submit-

---

[1] Saiia also sued an individual involved in the construction of the retaining wall, but its claims against this individual are not a subject of this appeal.

ted a written proposal to Saiia, in which Terracon proposed to provide Saiia with soil-observation and testing services at the apartment complex. This written proposal is signed by a representative of Terracon and sets forth the terms and conditions under which Terracon would provide services to Saiia, including a provision that Terracon would maintain certain insurance policies and would, within the limits and conditions of such policies, "indemnify and save [Saiia] harmless from and against any loss, damage, injury or liability arising from any negligent acts of Terracon, its employees, agents, subcontractors and their employees and agents." The written proposal also provides that "[s]ervices performed by Terracon under this Agreement will be conducted in a manner consistent with that level of care and skill ordinarily exercised by members of the profession currently practicing under similar conditions in the same locale." Terracon ultimately did perform work for Saiia, and Terracon completed its work on December 17, 2003, when it provided Saiia with an engineering certificate for the construction of the retaining wall.

The owner of the apartment complex and the general contractor apparently did not pay Saiia the amounts to which Saiia believed it was entitled, and on April 13, 2006, Saiia filed a lawsuit against the owner to enforce its lien for the work it had performed. The owner and general contractor then brought a counterclaim against Saiia, in which they alleged that the retaining wall was defective. Saiia eventually settled this counterclaim.

On November 2, 2009, Saiia filed this lawsuit, in which it asserts claims against Terracon for contractual indemnification, common-law indemnification, and contribution.[2] Saiia alleges that any defect in the retaining wall, and, hence, its liability to the owner and general contractor for any such defect, are the proximate result of the negligence of Terracon. Terracon denied these allegations, and it moved for summary judgment, asserting that the claims that Saiia asserts against it are barred by OCGA § 9-3-25, which provides in pertinent part that "[a]ll actions . . . upon any implied promise or undertaking shall be brought within four years after the right of action accrues." In its motion, and at the hearing on its motion, Terracon relied upon our decision in *Jordan Jones*, 299 Ga. App. at 294, arguing that we held in *Jordan Jones* that OCGA § 9-3-25 applies "unconditionally" to all claims that sound in professional malpractice, even those that arise from a written contract. Because

---

[2] Saiia first brought its indemnity claim against Terracon as a third-party claim in its litigation with the owner and general contractor, but Saiia later dismissed that third-party claim without prejudice.

the claims that Saiia asserts in this lawsuit sound in professional malpractice, and because they were brought more than four years after Terracon completed its work for Saiia, the claims are barred, Terracon argued, by OCGA § 9-3-25. The trial court concluded that this case is controlled by our opinion in *Jordan Jones* and awarded summary judgment to Terracon. Saiia appeals from the judgment below, and we conclude that the court below erred for two reasons.

1. We first note that, even if OCGA § 9-3-25 applies to the claims in this lawsuit, the trial court erred when it awarded summary judgment to Terracon because the record does not show that more than four years elapsed between the date upon which the claims for indemnity and contribution accrued and the filing of this lawsuit. The period of limitation for a common-law indemnity or statutory contribution claim begins to run when the claimant pays another to settle the claim of the other or to satisfy the judgment of the other. *Auto-Owners Ins. Co. v. Anderson*, 252 Ga. App. 361, 364 (1) (556 SE2d 465) (2001). And the period of limitation for a claim of breach of contract begins to run when the contract is breached, *Hamburger v. PFM Capital Mgmt.*, 286 Ga. App. 382, 384-385 (1) (649 SE2d 779) (2007), which, in the case of a contractual duty to indemnify, is the moment at which the party owing the duty refuses to indemnify the other party for amounts that the latter has paid to settle the claim of another or to satisfy the judgment of another. See *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (2) (503 SE2d 649) (1998) ("Where no funds have yet been expended, a party's right to seek [contractual] indemnification has not yet actualized."). Here, the record reflects that Saiia settled the counterclaim of the owner and general contractor on April 16, 2010, pursuant to an agreement that obligated it to release its lien and claims against the owner and general contractor, perform corrective work on the property, and pay approximately $183,000 to the general contractor. As a result, Saiia's lawsuit seeking indemnification and contribution was not filed more than four years after the events that caused the claims in this case to accrue. For this reason alone, it was error for the trial court to award summary judgment to Terracon in August 2010.[3]

2. We also think the trial court erred when it applied OCGA § 9-3-25 to the claims that Saiia asserts against Terracon. The trial court relied upon our decision in *Jordan Jones* when it held that the claims in this case are subject to OCGA § 9-3-25 because they sound in professional malpractice. But our Supreme Court subsequently

---

[3] The bar of a statute of limitation is an affirmative defense, and Terracon, therefore, bears the burden of proving that the claims asserted by Saiia are barred by the applicable statute of limitation. *Cleaveland v. Gannon*, 284 Ga. 376, 381 (2) (667 SE2d 366) (2008).

overruled our decision in *Jordan Jones*, explaining that, when a professional malpractice claim arises from a standard of care implied by law in a written contract for professional services, the statute of limitation for written contracts, OCGA § 9-3-24, applies. *Newell Recycling*, 288 Ga. at 237 ("[B]ecause an implied promise to perform professionally pursuant to a written agreement for professional services would be 'written into (the contract for professional services) by the law,' an alleged breach of this implied obligation would necessarily be governed by the six-year statute of limitation of OCGA § 9-3-24."). In light of the decision of our Supreme Court in *Newell Recycling*, and because there is some evidence in this case of a complete written contract for professional services,[4] the trial court erred when it applied OCGA § 9-3-25 to the claims in this case for purposes of summary judgment.[5] As to the claim for contractual indemnification, if there is, in fact, a complete written contract for professional services between Saiia and Terracon from which the claim for contractual indemnification arises, the limitations set forth in OCGA § 9-3-24 would apply.

As to the claims for common-law indemnification and contribution, we think these claims are subject to OCGA § 9-3-22, which provides in pertinent part that "[a]ll actions for the enforcement of rights accruing to individuals under statutes . . . or by operation of law shall be brought within 20 years after the right of action has accrued." A right of indemnity accrues by operation of the common law to one "who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another." *Auto-Owners*, 252 Ga. App. at 363 (1) (citation omitted); see also *Crawford v. Johnson*, 227 Ga. App. 548, 549 (1) (489 SE2d 552) (1997); *North Ga. Elec. Membership Corp. v. Thomason &c. Constr. Co.*, 157 Ga. App. 719, 720 (1) (278 SE2d 433) (1981). And the right of contribution against a joint tortfeasor is given by statute, OCGA § 51-12-32 (a). A claim to vindicate these rights is, therefore, a claim to enforce rights that accrue by operation of law or a statute. We have

---

[4] At this point, because we must construe the record evidence in the light most favorable to Saiia, and because there is some evidence in the record of a complete written contract between Saiia and Terracon, we accept that the contractual claim in this case is based upon a complete written contract for professional services. On remand, however, Terracon may dispute that the writings on which Saiia relies form the entire contract between the two parties or that the services it provided to Saiia in connection with the construction of the retaining wall were, in fact, rendered pursuant to this written contract. These are not questions before this Court at this time, and our decision is limited to the record now before the Court.

[5] We note that our Constitution provides that "[t]he decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents," Ga. Const. 1983, Art. VI, Sec. V, Par. III, and our decision in *Jordan Jones* was still considered good authority, and, therefore, binding upon the trial court, at the time the trial judge rendered his decision in this case.

held before that such claims are subject to OCGA § 9-3-22, and we see no reason in this case to revisit these holdings.[6] See, e.g., *Auto-Owners*, 252 Ga. App. at 364 (1) ("The statute of limitation for a claim of [common-law] indemnity is 20 years from the settlement or final judgment."); *Krasaeath v. Parker*, 212 Ga. App. 525, 526 (1) (441 SE2d 868) (1994) ("The 20-year statute of limitation for contribution actions is governed by OCGA § 9-3-22.").

Because the trial court erred when it granted summary judgment to Terracon, we reverse the judgment below and remand this case to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., and Adams, J., concur.*

DECIDED JUNE 16, 2011 —
RECONSIDERATION DENIED JULY 12, 2011.

*Walston, Wells, Anderson & Birchall, Vernon L. Wells II, Hull Barrett, David E. Hudson*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Henry C. DeBardeleben IV, Scott A. Witzigreuter, Jeffrey N. Amason, Downey & Cleveland, George L. Welborn*, for appellee.

---

[6] Terracon argues on appeal that Saiia is not entitled to recover indemnification under the common law or contribution from Terracon on the facts alleged in its complaint. Terracon might be right about the merits of these claims, but the merits of the claims are not before us. The sole issue before us is the statute of limitation.