**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 20, 2012**

# In the Court of Appeals of Georgia

A12A1242. OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY v. DARRYL J. PANELLA, LLC. et al.

RAY, Judge.

This case involves professional negligence/breach of contract claims and whether the applicable statute of limitation bars those claims. On September 5, 2000, Darryl J. Panella and Darryl J. Panella, LLC (collectively "Panella"), entered into an agency agreement with Old Republic National Title Insurance Company entitled "Agreement for Appointment of Policy-Issuing Agent." As a policy issuing agent, Panella had the authority to issue commitments, title reports, binders, guaranties, title insurance policies, and other agreements/title insurance forms under which Old Republic agreed to assume liability for the condition of title covering real estate located in the State of Georgia. In July of 2010, Old Republic filed a complaint, and

a number of amended complaints, against Panella for claims allegedly arising from numerous title insurance policies issued by Panella. Panella moved for partial summary judgment, arguing that Old Republic's claims on four of the policies were barred by OCGA § 9-3-24, the statute of limitation for claims based on written contracts.[1] The trial court granted the motion for partial summary judgment, and Old Republic appeals, alleging that its right to recover is pursuant to an indemnity provision, and, therefore, OCGA § 9-3-24 does not apply. We agree and reverse.

The standard for summary judgment is familiar and settled: summary judgment is warranted when the material facts, as shown by the pleadings and record evidence, are undisputed and these facts entitle the moving party to judgment as a matter of law.[2] We review an award of summary judgment de novo, viewing the evidence in the record, as well as all inferences that might reasonably be drawn from that evidence, in the light most favorable to the nonmoving party.[3]

---

[1] Panella additionally asserted that Old Republic's claims on one of these policies were barred by the doctrine of res judicata.

[2] See OCGA § 9-11-56 (c).

[3] *Saiia Constr., LLC. v. Terracon Consultants, Inc.,* 310 Ga. App. 713, 713 (714 SE2d 3) (2011).

2

So viewed, the record shows that on May 1, 2003, Panella issued an Old Republic policy commitment to RBC Centura Bank for property located at 1049 West Conway Road in Atlanta. According to the complaint and first amended complaint, this policy was issued without including two exceptions to cover previous deeds on file. In October 2006, a dispute and subsequent litigation arose regarding the superiority of the security deeds. Old Republic retained counsel to handle the coverage issues. On July 18, 2003, Panella issued an Old Republic policy to Washington Mutual Bank for property located in White County. The complaint and first amended complaint alleged that Panella failed to properly obtain a cancellation of a security deed that had been on the property prior to the closing of Washington Mutual's loan. When a dispute arose over the priority of the security deeds, Old Republic retained counsel to defend Washington Mutual. On October 30, 2003, Panella issued an Old Republic policy to Bradley and Jeannette Crain, insuring title to property located at 1340 Treebrook Court in Roswell. The complaint alleged that Panella used a third party to conduct the title search, and this third party executed a faulty title search, so Old Republic paid the Crains on November 28, 2006, to remove a judgment lien against the property. On August 12, 2003, Panella issued an Old Republic policy to insure a Bank of North Georgia property located at 1020 Coleman

3

Road in Roswell. The second amended complaint asserted that Panella failed to properly name the grantor, failed to timely file the deed, and failed to properly describe the property in an affidavit of lost deeds. When Bank of North Georgia discovered it did not have a duly perfected first priority security lien, it sued Old Republic for the title defect.

Old Republic argues that the trial court erred in finding that OCGA § 9-3-24 barred its claims for professional negligence, breach of contract, and breach of duty on these four policies. We agree. OCGA § 9-3-24 mandates that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable." It is well-settled that the six-year statute of limitation applies to claims involving the breach of a written contract, including claims for professional negligence or breach of duty arising from the same factual basis as the breach of a written contract claim.[4] It is equally settled that for simple contracts this six-year period begins to run on the date the contract is breached and the wrongful acts occur,

---

[4] See id at 716 (2); *Newell Recycling of Atlanta v. Jordan Jones and Goulding, Inc.*, 288 Ga. 236, 237 (703 SE2d 323) (2010) (while professional malpractice claims are generally governed by the four-year statute of limitation in OCGA § 9-3-25, where there is a written agreement between the parties to perform specific professional services, the six-year statute of limitation set forth in OCGA § 9-3-24 governs the claims).

not the date the actual damage results or is discovered.[5] For indemnity provisions, however, the six-year statute of limitation in OCGA § 9-3-24 does not begin to run until "the party owing the duty [to indemnify] refuses to indemnify the other party for amounts that the latter has paid to settle the claim of another or to satisfy the judgment of another."[6] The question presented in this case is whether the agency contract between Old Republic and Panella was a simple contract or a contract with an indemnity provision. We find that it was a contract with an indemnity provision.

This Court has held that "indemnity" means "reimbursement, restitution, or compensation,"[7] and Black's Law Dictionary uses a similar definition:

> Reimbursement or compensation for loss, damage, or liability in tort; esp., the right of a party who is secondarily liable to recover from the party who is primarily liable for reimbursement of expenditures paid to

---

[5] See *Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga. App. 382, 384-385 (1) and 386-387 (2) (649 SE2d 779) (2007); *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 805 (1) (273 SE2d 16) (1980).

[6] See *Saiia Constr.*, supra at 715 (1) (the period of limitation for an indemnity or statutory contribution claim begins to run when the claimant pays another to settle the claim of the other or to satisfy the judgment of the other); *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (2) (503 SE2d 649) (1998) ("Where no funds have yet been expended, a party's right to seek [contractual] indemnification has not yet actualized") (citation omitted).

[7] *Travelers Ins. Co. v. Ga. Power Co.*, 51 Ga. App. 579, 583 (181 SE 111) (1935).

a third party for injuries resulting from a violation of a common-law duty.[8]

"In a contract of indemnity the indemnitor, for a consideration, promises to indemnify and save harmless the indemnitee against liability of the indemnitee to a third person, or against loss resulting from such liability."[9]

Here, under the heading "Responsibility For Loss," the agency agreement delineates the responsibility for loss between the agent and the insured, specifically noting that the term "loss" includes "payments to insured and third-party claimants, attorney's fees, and all other costs incurred in investigation of claims, negotiation of settlements, and litigation" arising from the title insurance business conducted pursuant to the agreement. Section 1 lists the losses for which the agent (Panella) is responsible, section 2 lists the losses for which the insured (Old Republic) is responsible, and section 3 includes the following clear and unambiguous language: "If insurer incurs expenses, or pays a claim of loss for which Agent is responsible, Agent agrees to reimburse Insurer for such amounts on demand."

It is well-established that the construction of a contract involves three steps:

---

[8] Black's Law Dictionary, p.772 (7th ed. 1999).

[9] (Citations and punctuation omitted.) *Parker v. Puckett*, 129 Ga. App. 265, 267-268 (199 SE2d 343) (1973).

First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.[10]

In this case, the language is plain and needs no construction. The agency contract clearly mandates that if Old Republic incurs expenses or pays a claim for which its agent is responsible, the agent agrees to reimburse Old Republic for such amounts on demand. Contrary to the trial court's rationale, an indemnification provision is not required to contain the magic word "indemnify."[11] The trial court erred in finding that the agency agreement did not include a provision for indemnification. Because it did, and because the record does not show that more than six years elapsed between the date upon which the claims for indemnity accrued and the filing of this lawsuit, the

---

[10] (Citation and punctuation omitted.) *Holmes v. Clear Channel Outdoor, Inc.*, 284 Ga. App. 474, 476 (2) (644 SE2d 311) (2007); see also OCGA § 13-2-2.

[11] See *Lanier at McEver, L.P. v. Planners and Engineers Collaborative, Inc.*, 284 Ga. 204, 208 (2) (663 SE2d 240) (2008) (contract phrasing acted as an indemnity or "hold harmless" clause even though those words did not appear in the parties' agreement); *George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 993 (II) (B) (N.D. Ga. 1982) (the court must construe the meaning of an indemnity contract and "[n]o particular words or talismanic language is necessary") (citation omitted).

trial court erred in granting partial summary judgment to Panella based on OCGA § 9-3-24.

2. Panella argued in the lower court that Old Republic's claim on one of the policies was barred by res judicata. The trial court, however, ruled that this argument was moot because it found that the statute of limitation barred the claim. Because we are reversing the trial court's order based on the statute of limitation bar, we hereby direct the trial court to consider Panella's res judicata argument.

*Judgment reversed. Miller, P. J., and Branch, J., concur.*